In the Matter of William Hamilton MERRITT, Debtor.

William Hamilton MERRITT, Plaintiff,

v.

George L. WESTFIELD, Friend of the Court, Berrien County, Michigan, Forrest H. Kesterke, Clerk of Berrien County, and John T. Dempsey, Director, Michigan Dept. of Social Services, Defendants.

In Debtor No. HK 78 00554 B 8.

United States Bankruptcy Court, W. D. Michigan, S. D.

Oct. 16, 1979.

**114**

Edward M. Yampolsky, St. Joseph, Mich., for plaintiff.

William K. Basinger, Asst. Atty. Gen., and Paul L. Maloney, Asst. Pros. Atty., Berrien County, St. Joseph, Mich., for defendants.

## OPINION

### AID TO DEPENDENT CHILDREN—DISCHARGEABILITY—STATUTES, REVOCATION

LAURENCE E. HOWARD, Bankruptcy Judge.

The debtor filed a complaint for determination of dischargeability of child support arrearage payments due John T. Dempsey, Director, Department of Social Services, as of November 6, 1978, the date of enactment of the Bankruptcy Reform Act of 1978. The defendants have filed motions to dismiss and for summary judgment.

The facts are not in dispute. On May 22, 1978, the debtor filed a petition for relief under Chapter XIII of the Bankruptcy Act of 1898. The first meeting of creditors was held June 16, 1978, the plan was approved by creditors, and an order confirming the plan was entered June 21, 1978. The plan provided for unsecured creditors to receive 25% of their claims over a period of approximately two years. Payments are presently being made by the debtor under the plan. The debtor duly listed John T. Dempsey, Director, Michigan Department of Social Services, in his petition as one of his unsecured creditors. The obligation is being paid outside the plan in accordance with a wage assignment ordered by Berrien County Circuit Court prior to filing of the Chapter XIII petition.

The amount of the arrearage due the Department was $1,629.50 as of November 6, 1978. It is being reduced by $11.00 each week.

No claim has been filed by the defendants in the Chapter XIII proceedings.

The debtor's ex-wife is still receiving public assistance from the Department. The child support payments made by the debtor are assigned to the Department in accordance with applicable state law. M.C.L.A. § 552.23(2), M.S.A. § 25.103(2). The other defendants, George L. Westfield, the Friend of the Court, and Forrest H. Kesterke, County Clerk, have the responsibility under Michigan Law to collect support payments.

A hearing was held on Defendants' motions and it was stipulated by all parties that if their motions were denied the decision would be dispositive of the issue of dischargeability and the arrearage due November 6, 1978, would be subject to a discharge. Further, at the hearing defendants requested an opportunity to file a late claim in the event the debt is found to be dischargeable. The time to file a timely claim expired on December 16, 1978, six months after the first meeting. Bankruptcy Rule 13–302(e)(2).

The plaintiff has requested that any payment since November 6, 1978, on arrearages be credited to future payments assigned to the Department. The defendants agreed this would be the proper procedure if the debt is subject to discharge and they are not permitted to file a tardy claim. The parties stipulated to the above facts as set forth in the pleadings and they have filed briefs.

Prior to the enactment of Section 456(b) of the Social Security Act, 42 U.S.C. § 656(b), child support payments assigned to the Michigan Department of Social Services pursuant to M.S.A. § 25.103(2), M.C.L.A. § 552.23(2) as required by 42 U.S.C. § 602(a)(26), were dischargeable in bankruptcy. *In re Ashby*, C.C.H. Bankruptcy L. Rep. # 65100, (W.D.Mich., D. Nims, B.J., 1973), *In re Shreve*, C.C.H. Bankruptcy L. Rep. # 65757, (W.D.Mich., D. Nims, B.J., 1973) and *In re Zimonick*, Bankruptcy No. BG 75 562 B 6, (W.D.Mich., N. Fox, Chief, D.J., 1976).

The Social Security Act was amended effective July 1, 1975, to provide for the nondischargeability of these debts by the addition of Section 456(b):

"A debt which is a child support obligation assigned to a State under Section 402(a)(26) is not released by a discharge in bankruptcy under the Bankruptcy Act." Pub.L. 93–647, 88 Stat. 2356.

The Bankruptcy Code of 1978, Title III, Section 328 provides:

"Subsection (b) of Section 456 of the Social Security Act (42 U.S.C. 656(b)) is repealed."

Title IV, Section 402(a) & (d) of the Code provides that:

"(a) except as otherwise provided in this title, this Act shall take effect on October 1, 1979.

.    .    .    .    .

(d) The amendments made by Sections .   .   .   328   .   .   .   of this Act shall take effect on the date of enactment of this Act."

Title IV, Section 403(a) of the Code provides:

"A case commenced under the Bankruptcy Act, and all matter and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted."

It should be pointed out that the Code specifically provides that these type of debts are dischargeable in all cases filed after the effective date of October 1, 1979:

"(a) a discharge  .   .   .   does not discharge an individual debtor from any debt  .   .   .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, *but not the extent that —*

*(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise*  .   .   ." Sec. 523 (11 U.S.C., Sec. 523) (Emphasis Supplied).

In the *Ashby, Shreve,* and *Zimonick* cases, the bankruptcy and district courts for the Western District of Michigan held that it was not the intent of Congress to exempt child support assigned to a state agency from discharge under Section 17(a)(7) of the Bankruptcy Act, 11 U.S.C., Sec. 35(a)(7). Apparently, the Social Security Act was amended in 1975, in part to overcome these and other similar judicial holdings across the country.

The defendants contend that in accordance with the savings clause (Title IV, Sec. 403(a)) of the Code, these types of debts are nondischargeable for cases, such as this, commenced under the old Act. However, Section 328 repeals Section 456(b) of the Social Security Act, and, as provided by Section 402(d) of the Code, is effective on the date of its enactment, November 6, 1978. On the other hand, the savings clause is not effective until October 1, 1979. See Section 402(a).

Bankruptcy Judge David E. Nims, Jr. of the Western District of Michigan in *Georgia Higher Education Assistance Corporation v. Carey*, Bankruptcy No. NK 213 B 8, (West. Dist.Mich., 1979), recently held that the savings clause was not effective for educational loans in cases filed before the effective date of the Code and pending on November 6, 1978, even though the discharge was

granted before that date. Title III, Section 317 and Title IV, Section 402(d) of the Code contain similar provisions concerning the repeal of the non-dischargeability provision of the Higher Education Act of 1965, (20 U.S.C. § 1087–3).

There is a stronger argument in favor of holding the debt dischargeable here than in *Carey.* Under Section 523(a)(8) education loans continue to be non-dischargeable under the Code. Whereas, this type of debt is dischargeable. See Section 523(a)(5)(A), supra.

The defendants further contend that Congress intended that these debts would be non-dischargeable only in cases filed after October 1, 1979. However, the clear language of the Code as set forth in Sections 328 and 402(d) provides that support obligations assigned to the Department are dischargeable as of the date of enactment, November 6, 1978. As Judge Nims pointed out in *Carey,* "We are not at liberty to inquire into the motives of the legislature. *Ex Parte McCorde [McCardle],* 7 Wall (W.S.) 506 1868 [19 L.Ed. 264]."

 Therefore, I must hold that this obligation is a dischargeable debt. However, in accordance with Section 660 of the Bankruptcy Act of 1898 (11 U.S.C. § 1060) and Bankruptcy Rule 13–404(a), the debtor is not entitled to a discharge until he has complied with the provisions of the plan and made the required payments. When and if a discharge is entered in this case, it will include the arrearages due the Department as of the date of enactment of the Code, November 6, 1978.

The defendants have requested that they be permitted to file a tardy claim. Bankruptcy Rule 13–302(e)(2) provides that claims must be filed within six months after the first date set for the first meeting of creditors. In addition, the court may grant an extension of time beyond the six month period for governmental units if a request is made within the six month period.

The time to file a claim in this matter expired December 16, 1978, forty days after enactment of the Code. The defendants did not file a request for extension within the six month period provided by the rule.

In view of the problems created by the repealing and saving provisions of the Code there are strong equitable arguments to be made in favor of allowing the defendants to file a claim. However, as pointed out in Collier's treatise on bankruptcy, I am unable to grant the request:

"Whether the court may extend the statutory period for filing proofs of claims is a slightly more complex question. The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.

The weight of authority considers the statutory six months' period as mandatory and immutable. 'This is a statute of limitations. It is even more. It is a prohibition. It is peremptory'." See Collier on Bankruptcy, 14th Ed., Vol. 3, pp. 416–420.

An Order may be entered in accordance with this Opinion.