**In re Jerome Charles FOSTER, Debtor.**

**Bankruptcy No. 79–02925–M.**

United States Bankruptcy Court,
S. D. California.

June 4, 1981.

Harry W. Heid, Chapter 13 Trustee, pro se.

Alan Gruber, for creditor Freeman & Gruber, San Diego, Cal.

ROSS M. PYLE, Bankruptcy Judge.

The Trustee's objection to the claim of Freeman and Gruber came on regularly for hearing on February 20, 1981. The Court, having considered the evidence, both oral and documentary, and good cause appearing therefor, renders its Memorandum of Decision as follows:

## FACTS

Jerome Charles Foster, the debtor herein, filed his Petition for Relief under Title 11, Chapter 13, on October 13, 1979. The debtor did not list Freeman and Gruber as a creditor on his schedules accompanying his petition.

The first meeting of creditors was duly held and concluded on December 3, 1979. The debtor's modified plan dated February 7, 1980, was confirmed by this Court on March 3, 1980. The time for filing claims expired on June 3, 1980.

On October 29, 1980, the debtor filed an amendment to his Chapter 13 Statement to add Freeman and Gruber as new creditors, and sent them a copy by mail on October 23, 1980. On December 29, 1980, Freeman and Gruber filed their proof of claim in the amount of $400.00, which claim was designated claim no. 27, item no. 13.

The Trustee has objected to this claim in that it was not filed within six months after the first date set for the first meeting of creditors pursuant to Bankruptcy Rule 13–302(e)(2). The creditor has contested this objection in that they did not receive notice of the bankruptcy within the six month period, so they were unable to comply with said rule.

## DISCUSSION

The Bankruptcy Rules continue to apply to cases commenced under the Bankruptcy Code (the "Code") to the extent not inconsistent therewith. *See* § 404(d), Title IV of the Bankruptcy Reform Act of 1978, *Pub.L.* 95–598.

Bankruptcy Rule 13–302(e)(2) provides as follows:

"Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case..."

The substantive provisions of Chapter 13 of the Code do not set forth any time requirements regarding the filing of claims in a Chapter 13 case. Therefore, as Rule 13–302(e) is not inconsistent with the provisions of Chapter 13, it should continue to apply until new bankruptcy rules are promulgated. *See* 3 *Collier on Bankruptcy,* ¶ 501.-02[3–6] (15th Ed. 1980).

Based on the absolute bar to late filed claims contained in this Rule, the trustee's objection is well-taken. However, the creditor urges that they should not be so barred from filing a claim since the effect would be to discharge their claim without any opportunity on their part to participate in the plan.

It is this Court's decision that even though this creditor may not participate in the plan, the question of whether or not the debt is excepted from discharge under 11 U.S.C. § 1328 has yet to be determined.

Section 1328(c) provides that a discharge granted under this section "... discharges the debtor from all unsecured debts provided for by the plan or disallowed under § 502 ..." with certain exceptions which are not here applicable. This plan does not provide for this claim and it will, therefore, only be discharged if it has been disallowed under § 502.

Subsection (b)(1) is the only potentially applicable basis for disallowance of this claim under § 502. It provides that if an objection to a claim is made, the Court shall determine the amount of such claim and allow it in that amount except to the extent that "(1) such claim is unenforceable against the debtor, and unenforceable against property of the debtor, under any agreement or *applicable law* . . . ." (Emphasis added.)

The plain meaning of the statute and legislative history indicates that § 502(b)(1) only includes defenses personal to the debtor such as usury, unconscionability or failure of consideration, *see* H.R.Rep.No.595, 95th Cong. 1st Sess. 352 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, in other words, defenses derivable from the debtor's position.

The Trustee herein is not raising such a defense but is instead raising the time bar of Rule 13–302(e)(2), which rule is a procedural rule supplemental to the Code. The Trustee is entitled to invoke the bar date of this Rule in order to facilitate the administration of a Chapter 13 plan, since, if the Trustee is unable to make a determination of which creditors are to participate in the plan, smooth distribution thereunder is disturbed and creditors are unable to depend upon the projected percentage distribution.

In other words, the Trustee is objecting as a matter of his own position and right to object which is wholly independent of any right the debtor may have respecting the claim.

This decision further does not address the ability of the debtor to raise the bar date of Rule 13–302(e)(2). If the debtor can properly raise this rule as a defense to a claim, such defense might then qualify under § 502(b)(1) as a defense under the "applicable law" provision, and perhaps the claim would be dischargeable under § 1328. However, in the event Rule 13–302(e)(2) is raised by the debtor, there may be other factors to consider, such as estoppel, which may prevent a debtor from asserting this Rule as a defense. However, that question is not here before the Court and whether or not under that set of circumstances this claim would be excepted from discharge is not here determined.

### CONCLUSION

Based on the foregoing, Claim No. 27, item no. 13 filed by Freeman and Gruber is disallowed as late filed under Bankruptcy Rule 13–302(e)(2).

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.

The trustee shall file an appropriate order within ten (10) days from the date hereof.