**In re John F. DEROCHE and Frances A. Deroche, Debtor.**

**Bankruptcy No. 180–00319.**

United States Bankruptcy Court, D. Maine.

Jan. 19, 1982.

Gerald S. Cope, Cope, Cope, Carlisle, Portland, Me., Trustee.

William W. Conte, Bangor, Me., for debtor.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Chapter 13 Trustee, Gerald S. Cope, Esquire, has objected to the allowance of a claim by Sears, Roebuck & Co. in the amount of $1,825.25. The objection is predicated on the Sear's failure to include the requisite claimant's signature and itemized statement of the account. Sears filed a proof of claim on November 13, 1980, which in the space reserved for signature of claimant contained the type-written words "D.J. Reid." There were no attachments to the proof of claim. The Trustee's objection was filed on August 24, 1981, followed on September 10, 1981 by another proof of claim by Sears. This second proof of claim, while having a three page listing of the Debtor's account status attached thereto, also failed

to include a signature of the claimant. A proof of claim, with the signature of "H.R. Ayotte," and a three page account status was filed on December 10, 1981.

 A proof of claim must be executed by the creditor or his authorized agent, Bankr.R. 13–301.[1] The standing trustee has standing and a duty to determine which creditors are to receive dividends under the Chapter 13 plan. *In re Foster*, 11 B.R. 476, 7 B.C.D. 1011, 1012 (Bkrtcy.S.D.Calif.1981). An objection may be based on noncompliance with the provisions requiring a signed claim and statement of account, Bankr.R. 13–301, and failure to timely file a proof of claim, Bankr.R. 13–302(e). *See In re Foster, supra.*

 While Sear's original proof of claim was filed timely,[2] the amended claim [3] containing the requisite signature and information was not.[4] Technically the last proof of claim, the one filed by Sears on December 10, 1981, was not timely filed and is validly objectionable. *See In re Valley Fair Corp.*, 4 B.R. 564, 567 (Bkrtcy.S.D.N.Y. 1980); Bankr.R. 906(b). The purpose of the objections by a trustee to claims is to enhance the smooth administration of the estate, to facilitate formulation of a plan, and to distribute funds to creditors within the plan. The filing of a technically defective proof of claim which is later amended to comply with the bankruptcy rules does not defeat this purpose. Throughout the administration of the estate the trustee has been aware of the claim, its amount, and its potential allowability. Administration of the estate is not hindered or injured by this claim. The claim should, therefore, be allowed; the trustee's objection overruled.

Order to be entered.

1. Bankruptcy Rule 13–301 is applicable to Chapter 13 cases. P.L. 95–598, Title IV, § 404(d).

2. Bankruptcy Rule 13–302(e)(2) requires proofs of claim to be filed within 6 months of the first date set for the meeting of creditors. This meeting was set for November 21, 1980; Sears claim was filed on November 13, 1980.

3. The Court finds the proof of claim filed on December 10, 1981 as an amendment to the original proof of claim filed timely on November 13, 1980.

4. A third proof of claim was filed by Sears on December 10, 1981. *See* n. 2 *supra.*