In the Matter of John WALTER, Jr. and Connie Walter, Debtors.

Bankruptcy No. 81 B 20263.

United States Bankruptcy Court, S.D. New York.

May 4, 1982.

Alfred A. Rosenberg, Brooklyn, N.Y., for debtors.

Robert Abrams, Atty. Gen. of N.Y., New York City, for the state of N.Y.

William V. Spelman, Yorktown Heights, for Leonard C. Ketchum & Son, Inc.

DECISION ON MOTION OBJECTING TO CLAIMS OF STATE OF NEW YORK AND LEONARD C. KETCHUM & SON CO., INC.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtors in this Chapter 13 case have moved the court for an order expunging the claims filed against the debtors' estate by the State of New York and Leonard C. Ketchum & Son, Inc., on the ground that these claims were not timely filed.

The debtors' Chapter 13 case commenced on April 23, 1981 when they filed a voluntary joint petition pursuant to 11 U.S.C. § 302 and § 1301 et seq. The two aforementioned creditors were included in the debtors' schedules annexed to the petition. In the "Order For Meeting Of Creditors Combined with Notice Thereof And of Automatic Stay" which the court sent to all listed creditors, the date May 11, 1981, had been reserved for the meeting of creditors prescribed under 11 U.S.C. § 341, and the last day to file claims was scheduled for a date six months later, or November 11, 1981.

On November 19, 1981, the State of New York filed a priority tax claim in the amount of $85,855.30, which was later amended on January 27, 1983 to reflect a claimed amount of $61,251.22. The State filed a second priority tax claim on November 30, 1981 in the amount of $5,731.73.

On January 14, 1982, Leonard C. Ketchum & Son, Inc. filed an unsecured claim in the amount of $1,188.05 for sums alleged to be due and owing on insurance premiums. However, item # 7 on the proof of claim form reflects that a judgment was entered on June 5, 1981 in the Supreme Court, County of Westchester, in the amount of $1,249.85, presumably relating to the same claim for insurance premiums. Notwithstanding that the amount of the judgment is greater, the figure entered on the proof of claim form as the "Total Amount Claimed" is $1,188.05. Accordingly, it as the latter figure that the court must accept as the actual amount claimed by this creditor.

The debtors contend that the State's two 1981 claims filed on November 19 (later amended) and November 30 of that year, and the January 14, 1982 claim filed by Leonard C. Ketchum & Son, Inc., should be expunged because they were filed beyond the November 11, 1981 bar date.

## DISCUSSION

The time limit for filing unsecured claims in a Chapter 13 case is governed by Bankruptcy Rule 13–302(e)(2), which states:

"(e) Time For Filing.

(2) Unsecured Claims. Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case . . . ."

Section (a) of the same rule directs that all claims be filed in accordance with Rule 13–302:

"(a) Manner of Filing. In order for his claim to be allowed, *every creditor, including the Un[i]ted States, any state,* or any subdivision thereof, must file a proof of claim in accordance with this rule, except as provided in Rule 13–303, 13–304 and 13–305. [Emphasis added]."

The six month time limit retains its efficacy under the Bankruptcy Code, pursuant to Title IV of the Code, § 405(d). This point was addressed in 3 *Collier on Bankruptcy* § 501.02, p. 501–42.2 (15th ed):

"The comments by the House Judiciary Committee to section 501 make clear that the Rules will set the time limits, the form, and the procedure for filing claims which will determine whether claims are timely or tardily filed . . .

Accordingly, insofar as existing Rule 13–302(e)(2) fixes a time within which claims are to be filed in Chapter XIII cases under the 1898 Act, and since there is nothing in new chapter 13 comparable to the provisions of chapter 11 dealing with claims "deemed to be filed", it follows that until the rules are changed, a six-month period in chapter 13 cases will remain the rule for unsecured claims . . . ." (Footnotes omitted).

The absolute bar of the six month rule for filing claims has also been adhered to in cases governed by Bankruptcy Rule 302(e), which similarly prescribes a six month filing period for claims, running from the scheduled date of the meeting of creditors. *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982); *In re Brown,* 14 B.R. 233 (Bkrtcy.N.D.Ill.1981). Rule 302(e) derives from former § 57n of the Bankruptcy Act of 1898 (repealed), and is still applicable in Chapter 7 cases under the present Bankruptcy Code. In a discussion of § 57n and Rule 302(e) *Collier on Bankruptcy* has made the following observation:

"Whether the court may extend the statutory period for filing proofs of claims is a slightly more complex question. The inherent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief. The weight of authority considers the statutory six months' period as mandatory and immutable. 'This is a statute of limitations. It is even more. It is a prohibition. It is peremptory.' "

*3 Collier on Bankruptcy,* ¶ 57.27, pp. 416–420 (14th ed.), quoting *In re Brill,* 52 F.2d 636, 637 (S.D.N.Y.1931), aff'd., 52 F.2d 639 (2d Cir.1931).

In this case, the Bankruptcy Code § 341 meeting of creditors was held on May 11, 1981. Creditors with unsecured claims were given six months to file them with the court. Thus, the court set November 11, 1981 as the final day for filing unsecured claims. Neither of these two creditors, whose claims are the subject of the debtors' objection, applied to the court prior to the expiration of the six month period for an extension of time within which to file their respective claims. Under Bankruptcy Rule 13–302(e)(2)(A) the State of New York could have requested such an extension. The Rule states:

"(A) *On application before the expiration of such period* and for cause shown, the court may grant a reasonable, fixed extension of time for the filing of a claim by the United States, *a state,* or a subdivision thereof." (Emphasis added).

Similarly, under Bankruptcy Rule 906(b), Leonard C. Ketchum & Son, Inc. could have requested an extension of time for filing its claim under subdivision (1):

"(b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made *before the expiration of the period originally prescribed* or as extended by a previous order. (Emphasis added).

There has been no evidence presented by this creditor as to its failure to timely file a claim on the ground of excusable neglect, which is covered in 906(b)(2):

"(2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them."

Since no extensions were requested, the six month interval stands as an absolute bar to claims which were not filed in the allotted time period. *In re Francis,* 15 B.R. 998 (Bkrtcy.E.D.N.Y.1981); *In re Brown,* 27 B.R. 771, 10 B.C.D. 339 (Bkrtcy.N.D.Ill. 1982). It is necessary that a final date be set at which time the Standing Trustee, the creditors, the debtor and all others interested in a particular Chapter 13 proceeding can be certain that the last claim has been filed. Without a specific termination point, the administration of a case can not proceed with a final distribution calculated at a known percentage. Open-ended claim filing would produce uncertainty as to exactly which creditors would be participating in the debtor's proposed plan, and could upset confirmation at the last moment. See, *In re Foster,* 11 B.R. 476 (Bkrtcy.S.D.Cal.1981); *In re Pennetta,* 19 B.R. 794 (Bkrtcy.D.Colo. 1982).

In the case *In re Corbett,* et al., 27 B.R. 442, 10 B.C.D. 333 (Bkrtcy.W.D.Mo.1982) the court opined that since a debtor's Chapter 13 plan proposes payment to all creditors, there is no prejudicial effect if the debtor pays a creditor who has tardily filed a claim. The court reasoned that if the debtor has already anticipated the payment of a certain claim by providing for it in his Chapter 13 plan, the debtor's position does not change detrimentally if he pays a late-filing creditor the amount accounted for in the debtor's own plan.

This court cannot adopt the view espoused in *Corbett,* supra. If the debtor proposes payment of a certain total monthly figure, based on a budget structured from the list of scheduled creditors, and one of the creditors fails to file a timely claim, the sums allocated in the plan to the late-filing creditor can be apportioned to the other creditors on a pro-rata basis, with the result that all creditors with timely filed claims receive slightly more than the proposed monthly payment reserved for each of them under the plan. Thus, payments to those creditors who filed timely claims are completed earlier than originally projected. The debtor then can be discharged under Bankruptcy Code § 1328 for all debts provided for in the plan, even if payments were never distributed to late-filing creditors. *In re Brown,* supra. Therefore, it is clearly disadvantageous for a debtor to be required to pay all filed claims without regard to their timeliness.

It is the creditor's responsibility to file a claim, especially when the court provides six months within which to do so. In the case of *Hoos v. Dynamics Corp. of America,* 570 F.2d 433, 439 (2d Cir.1978), involving the time limitations for filing claims in a Chapter XI case under the former Bankruptcy Act of 1898, the court observed:

"This clear Congressional intent to require filing of valid proofs of claim within the time limits that it has set is sufficient to preclude us from finding exceptions to these rules in the supposed interest of equity. Beyond this, it cannot be said that when a claim has been scheduled by a debtor, the filing requirement imposing time limitations is a purposeless formality.

.    .    .    .    .

Thus, however much we would like to permit the bankruptcy court to consider in a particular case, including this one, whether it would be "equitable" to permit late filing of a scheduled claim, to do so would put the bankruptcy courts in the unenviable position of indefinitely having to consider claims whenever some sort of excuse is asserted. Such a procedure would destroy the objective of finality which Congress obviously intended to promote."

## CONCLUSIONS OF LAW

1. The claims filed by the State of New York on November 19, 1981 (amended January 27, 1983) and November 30, 1981 for priority taxes, and the claim filed by Leonard C. Ketchum & Son, Inc. on January 14, 1982 for unpaid insurance premiums, were not timely filed within the six-month period allotted for filing unsecured claims, which ended on November 11, 1981.

2. Accordingly, the debtor's motion to expunge the aforementioned claims is granted.