In re Tyrone G. COLLINS, Carrie Collins, Debtors.

Bankruptcy No. 82–00423–4.

United States Bankruptcy Court, E.D. North Carolina.

Aug. 9, 1983.

Louise Murrell, pro se.

Patrick M. Donley, Jacksonville, N.C., for defendant.

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the Court upon the motion of Louise Murrell to allow her claim of $900.00 which was filed more than six months after the first date set for the first meeting of creditors. A hearing was held in New Bern, North Carolina on July 27, 1983.

FACTS

The Debtors, Tyrone G. Collins and Carrie Collins, filed their chapter 13 petition on March 1, 1982. The Debtors' schedules included an unsecured debt to "Louise Murrill" (*sic.*) of 14 Tallman Street, Jacksonville, N.C., 28540 in the amount of $900.00. The Debtors' plan originally proposed to pay $210.00 each month for 36 months but was subsequently modified to provide 36 monthly payments of $230.00. As modified, the plan would pay 100% of all scheduled unsecured claims. The modified plan was confirmed on July 6, 1982.

On March 26, 1982, the Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay (the "Notice") was mailed by the Bankruptcy Clerk's office to "Louise Murrill" at the address listed in the Debtors' schedules. The date of the Debtors' meeting of creditors pursuant to 11 U.S.C. § 341(a), May 25, 1982, was included in the Notice.

Louise Murrell lives at 14 Tallman Street, Jacksonville, North Carolina 28540 and received the Notice sent by the Bankruptcy Clerk's office. Mrs. Murrell is not incompetent, but did not understand that she needed to file a proof of claim to receive payments through the plan. On February 14, 1983, more than six months after the first date set for the first meeting of creditors, Mrs. Murrell filed a proof of claim for $900.00.

DISCUSSION AND CONCLUSIONS

Bankruptcy Rule 13–302(e)(2)(B) which would allow the Court to grant an additional six months for filing a claim for an incompetent person is inapplicable because there was no evidence presented that Mrs. Murrell is or was incompetent. Likewise, Bankruptcy Rule 906(b)(2) which would allow the Court to enlarge the time for filing for "excusable neglect" is not applicable because there is no evidence that Mrs. Murrell's failure to timely file resulted from those circumstances.

The Debtors argue that the six month interval is an absolute bar to late claims. That position is supported by the recent case of *In re Walter,* 29 B.R. 449, 10 B.C.D. 791 (S.D.N.Y.1983) which cites the 14th edition of *Collier on Bankruptcy* (discussing § 57n of the Bankruptcy Act of 1898 and Bankruptcy Rule 302) to the effect that the six month period is "mandatory and immutable," "a prohibition" and "peremptory." p. 792; *3 Collier on Bankruptcy,* Para. 57.27 pp. 416–420 (14th ed.). The Bankruptcy Code, however, contains a number of provisions which indicate that the six month period is not absolute. 11 U.S.C. §§ 501(b) and (c) allow guarantors, the debtor or the trustee to file late claims; in chapter 7 cases distribution may be made in payment of tardily filed claims after payment in full of timely claims (and tardy claims where the claimant was not notified or had no knowledge of the case) 11 U.S.C. § 726(a)(3). Late claims were also allowed against the surplus in straight bankruptcy cases under § 57n of the Bankruptcy Act of 1898 and Bankruptcy Rule 302(e)(5).

The Bankruptcy Rules in effect on September 30, 1979 (superceded by new Bankruptcy Rules on August 1, 1983) apply except to the extent they are inconsistent with the Bankruptcy Reform Act of 1978. § 247(2) and § 405(d) of the Bankruptcy Reform Act of 1978 (Public Law 95–598). A six month filing period which is "mandatory and immutable" is inconsistent with 11 U.S.C. §§ 501(b), (c) and 726(a)(3). An absolute bar against late filings is also inconsistent with the scheme of chapter 13 in which unsecured creditors do not vote and confirmation is based upon the standards set forth in 11 U.S.C. § 1325(a), *In re Corbett,* 27 B.R. 442, 10 B.C.D. 333 (W.D.Mo. 1983). In most chapter 13 cases, as in the case presently before the Court, the plan is analyzed and the confirmation standards are applied prior to the close of the period for filing claims. Confirmation, in those circumstances, therefore must be based upon the creditors scheduled rather than the claims actually filed. Where a confirmed plan provides for all unsecured creditors to be paid in full through a plan, in the absence of evidence of prejudice to the debtor, the late claim filing should be allowed so that the intention of the debtor who proposed the plan and the expectation of the Court which confirmed the plan can be realized.

When a chapter 13 plan has been confirmed prior to the expiration of the time to file claims, the plan has not been modified, the debtor has not been discharged, and there is no evidence of prejudice to the debtor, the late filing should be allowed, but payment of tardy claims should be deferred until payment in full of all claims, secured and unsecured, which are timely filed. Accordingly,

IT IS ORDERED that the late claim of Louise Murrell in the amount of $900.00 is allowed, but payment shall be deferred until payment in full of all claims, secured and unsecured, which were timely filed in this case.