**In re Vickie HARDY, Debtor.**

**Bankruptcy No. 85-03845.**

United States Bankruptcy Court, N.D. Alabama.

Dec. 12, 1985.

Harvey Campbell, Talladega, Ala., for debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON CONFIRMATION OF CHAPTER 13 PLAN

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case was commenced by a petition filed in this Court under title 11, chapter 13, United States Code, on June 24, 1985, and continues to be pending under said chapter 13. The case and all proceedings therein have been referred by the district court to the bankruptcy judges.

On November 14, 1985, this case came before the Court for a hearing upon the matter of confirmation of the debtor's chapter 13 plan, as required by 11 U.S.C. § 1324. It appearing that October 30, 1985 (a Wednesday and not a holiday) was the 90th day "after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code"[1] and that none of the debtor's creditors had filed a proof of claim, the bankruptcy judge considered the question of whether confirmation of a chapter 13 plan is required when confirmation will result in payment by the debtor to no creditor but there exists no impediment, otherwise, to confirmation of the plan.

*Findings of Fact—*

The bankruptcy judge takes judicial notice of the contents of the case file maintained by the clerk of the bankruptcy court and of the bankruptcy judge's written memorandum of the confirmation hearing and finds the facts as follows:

1. With the chapter 13 petition, the debtor filed and proposed a chapter 13 plan, which included provisions for the debtor to pay to the trustee the sum of $15.00 for each of 260 consecutive weeks ($3,900) and for such payments be used by the trustee to pay the filing fees and administrative expenses (including attorney's fees) and a dividend on allowed unsecured claims, which the plan estimated would amount to 55% of the debts scheduled by the debtor;

2. On July 8, 1985, the clerk of the bankruptcy court mailed to each creditor listed in the schedule of debts a notice of the meeting of creditors herein, to be held on August 1, 1985, and of the confirmation hearing on November 14, 1985;

3. No creditor filed a proof of claim in this case, and no objection to confirmation of the plan was filed;

4. The debtor's schedule of debts lists four creditors and debts totalling $5,841, with none shown to be a secured debt;

5. Within thirty days after the plan was filed, the debtor commenced making the proposed payments to the trustee (no other payment being proposed in the plan) and had paid to the trustee the sum of $180.00 by the date of the confirmation hearing; and

6. Those appearing at the confirmation hearing before the bankruptcy judge were only the debtor, the debtor's attorney, and the chapter 13 trustee.

*Conclusions by the Court—*

The debtor's estate is meager in the extreme, and, as will be stated in the order on confirmation of the plan, the Court found that the plan proposed to pay to holders of allowed unsecured claims not less than the amount which would have been distributed in a chapter 7 liquidation of the debtor's estate. There is no other fact or circumstance in this case which could prevent

---

**1.** 1983 Bankruptcy Rule 3002(c).

confirmation of the debtor's chapter 13 plan, except, possibly, that nothing will be paid to any creditor.

This circumstance, of course, arises from the fact that October 30, 1985, was the last day for filing a proof of claim in this case as provided in Bankruptcy Rule 3002(c), aside from the remote and unlikely (in this case) exceptions therein stated, and the fact that no proof of claim was filed by a creditor. When this debtor has paid to the trustee sufficient funds to cover the filing fees and administrative expenses, entry by the Court of an order of discharge will be mandated by 11 U.S.C. § 1328(a). Does this prospect result in a plan so anomalous that its confirmation should be refused by the Court? In a reorganization case under chapter 11 of the bankruptcy statute, when a class of claims is impaired under the plan, at least one impaired class must have accepted the plan, as a condition precedent to the confirmation of the plan by the Court.[2] In the present chapter 13 plan, provision was made for an estimated 55% dividend upon allowed unsecured claims, which, in a chapter 11 case, would constitute "a class of claims [which] is impaired under the plan."[3] There is no similar requirement in 11 U.S.C. § 1325 for confirmation by the Court of a chapter 13 plan. For whatever difference it makes, if any, the mandate of 11 U.S.C. § 1129(a) is that "[t]he court *shall confirm a plan only if* all of the following requirements are met ..."; but, in § 1325(a), the mandate is that "the court *shall confirm a plan if....*" [emphasis supplied]

Experience with chapter 13 cases brings knowledge of the fact that one or several creditors listed in a debtor's schedule of debts may be expected not to file any proof of claim, with the result that the debtor obtains a discharge of those debts without payment of anything to these creditors. It has never been suggested to, and it has never occurred to the Court that such a circumstance creates any problem with regard to confirmation of the debtor's plan.

It does appear to the bankruptcy judge that it should not make any difference in regard to confirmation of the plan whether the case be one in which half of the listed creditors fail to file any proof of claim or it be one in which all fail to file a proof of claim. Here, the debtor has proposed a plan to pay far more to the creditors than would have been paid by a bankruptcy liquidation of the debtor's meager estate. The debtor has thus far complied with the terms of the plan and appears in every respect to have proposed it in good faith. It is obvious that all of the requirements for confirmation of the plan have been met, as set forth in § 1325, that nothing in the bankruptcy statute requires or warrants the Court's inquiry into the nature of the debts to be discharged and that the Court is *required by the statute* to confirm the plan.

An order of confirmation will be entered, with additional findings of fact. The clerk is directed to mail a copy of the foregoing to the debtor's attorney, the chapter 13 trustee, and the United States trustee.

---

**2.** 11 U.S.C. § 1129(a)(10); and see § 1124.

