**In re Thomas William FURRER & Marjorie Lynn Furrer, Debtors.**

**Bankruptcy No. 85–02379.**

United States Bankruptcy Court, E.D. Wisconsin.

Nov. 6, 1986.

**656**

Bruce A. Lanser, Milwaukee, Wis., for debtors.

Brian G. Carroll, Waukesha, Wis., for David J. Black.

## DECISION

■■ In this chapter 13 case, the debtors have objected to the allowance of the claim of David J. Black on the ground that the claim was not timely filed. The first date for the § 341 meeting of creditors was scheduled for July 30, 1985 and the deadline for filing claims was accordingly October 28, 1985.[1] Black's attorney filed a $15,667 claim on his behalf on November 26, 1985, just 29 days after the deadline.

The chapter 13 petition was filed on June 26, 1985. A notice of the § 341 meeting and of the deadline for filing claims was mailed to Black by the trustee on July 9, 1985. This notice was returned undelivered by the post office. The address to which it had been sent was obtained from the schedules and mailing matrix filed by the debtors. The debtors in turn probably obtained the address from garnishment summonses issued by Black's attorneys on or about June 5, 1985.[2] Had the debtors' schedules given Black's home address as it was shown in the metropolitan telephone directory, it seems certain that Black would have received the notice.

■ It is arguable that Black's debt was not duly scheduled by the debtors as required by Bankruptcy Rule 1007, *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 456 (6th Cir.1982), but it is a moot point since Black's attorneys had timely knowledge of the chapter 13 proceedings which could be imputed to Black himself. Black's law firm

1. § 501(a) of the Bankruptcy Code provides that a creditor "may" file a proof of claim, and Bankruptcy Rule 3002(c) fixes the time limit for such filing as follows:
   "In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:"
   Three exceptions then follow, none of which is applicable to the facts of this case.
   § 501(c) provides that if a creditor does not timely file a proof of such creditor's claim, the debtor or trustee may file a proof of such claim. The legislative history notes that the purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable.
   In chapter 13 cases it is common for creditors listed in the debtor's schedules to not file a proof of claim. There is little, if any, incentive for the debtor to file a claim on behalf of such a creditor if the claim is unsecured and dischargeable. Failure of creditors to file claims will (in most cases, but depending on the type of plan filed) enable the debtor to complete the plan sooner and with fewer payments than projected.

2. The garnishment summonses showed Black's address as
   DAVID J. BLACK
   c/o Business & Contractors Insurance Center
   P.O. Box 745
   Brookfield, WI 53005
   *whereas the trustee's notice was sent to*
   DAVID J. BLACK
   P.O. Box 745
   Brookfield, WI 53005
   "P.O. Box 745, Brookfield, WI 53005" was the address of Business and Contractors Insurance Center, Inc., a company with which Black was associated or by which he was employed. That business closed its post office box on March 25, 1985, leaving a forwarding address. On July 9, 1985 when the trustee's notice was mailed, P.O. Box 745 was being used by Kemper Insurance Company.

took judgment in state court against the debtors on March 4, 1985, instituted garnishment actions to collect on the judgment on June 5, 1985, and discontinued all collection activity when the debtors' attorney sent them copies of the chapter 13 petition and schedules on June 27, 1985. When Black contacted his attorneys on November 14, 1985 about the status of the collection of his judgment, they in turn checked the bankruptcy file, notified the trustee and debtors' attorney immediately of Black's claim, and filed the disputed claim on November 26, 1985. Evidence of the law firm's knowledge is demonstrated by the further fact that a proof of claim was filed on August 2, 1985 by that same law firm on behalf of another of the debtors' creditors.

■■ On the principle that the knowledge of an agent is imputable to his principal, if the agent was vested with the requisite authority, a creditor will be considered as having had knowledge of the proceedings where such agent or employee had such knowledge. *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 457 (6th Cir.1982); 3 Collier on Bankruptcy ¶ 523.13, p. 523–84 (15th ed.). In view of the facts set out above, regardless of whether Black's address as provided in the debtors' schedules (and to which official notice of the proceedings was sent) met the notice requirements of the Code, the court holds that Black's attorneys had actual and timely knowledge of the case, and that such knowledge was the equivalent of notice to Black.

■ Most courts have held that proofs of claims must be filed in the allotted time, or they will not be allowed.[3] In the case of *In re Wilkens,* 731 F.2d 462 (7th Cir.1984), the Court of Appeals for this circuit noted that the period for filing claims is generally treated as a statute of limitations not subject to extension by the bankruptcy court. The court went on to say: (p. 464)

"While the weight of authority treats the period as mandatory and immutable, a minority of courts have left open the possibility that they could exercise their equitable powers to enlarge the time for filing, given 'sufficient' cause. Under this view, an equitable extension of time can be granted (1) if the fraud of a debtor prevents the timely filing by a creditor; (2) the creditor fails to receive notice of the proceedings; or (3) other extraordinary circumstances arise. Courts do not, however, permit late filings necessitated by the negligence of a creditor's attorney." (Footnotes omitted)

Since none of these circumstances was present in *Wilkens,* the court held that it need not decide whether the bankruptcy court had discretionary authority to extend the time for filing. The court, however, did remand the case for further findings on whether the creditor had made a timely de facto informal claim which might enable the late filing to be treated as a perfecting amendment. There has been no suggestion in the case at bar that there was a timely informal claim which could serve such purpose, or that timely filing of Black's claim was prevented by fraud on the part of the debtors, and the court has found that timely knowledge of the chapter 13 case by Black's attorneys constituted notice to him.

It is obvious that Black will suffer substantial prejudice if the claim is disallowed, whereas the debtors have not, and cannot, claim that they have been prejudiced by the late filing. The debtors' confirmed plan calls for a 65% payout to unsecured creditors. If the claim is disallowed, the debtors will, in effect, receive a windfall in the

---

3. *In re Merritt,* 1 B.R. 113 (Bankr. WD MI 1979); *In re Foster,* 11 B.R. 476 (Bankr. SD CA 1981); *In re Walter,* 29 B.R. 449 (Bankr. SD NY 1982); *In re Brown,* 27 B.R. 771 (Bankr. ND IL 1983); *In re Richards,* 50 B.R. 339 (ED TN, 1985); *In re Hunt,* 59 B.R. 718 (Bankr. ME 1986); *In re Goodwin,* 58 B.R. 75 (Bankr. ME 1986). See also, *In re Street,* 55 B.R. 763 (BAP 9, 1985) "Rule 3002(c) is intended to provide an absolute bar to claims filed after 90 days after the § 341 meeting".

amount of 65% of Black's claim and will be able to complete their payments under the plan in less than half the contemplated three year period.

■■ It should be noted that although creditors in a chapter 13 case will not be paid unless they file claims, the debtor's plan is confirmed on the basis of the information set out in the debtor's schedules. The order of confirmation is commonly entered before the time for filing claims has expired, with the court finding feasibility in the fact that the debts *as scheduled* will be paid in accordance with the plan.[4] In this case, the plan was confirmed with the expectation that Black would file a claim and would be paid 65% of such claim.

It is not uncommon for a claim to be late filed. When it occurs, it is the practice in this court to send a notice to the debtor and to the debtor's attorney that an "additional claim" has been filed and given the status of a "deferred claim." In the absence of objection by the debtor, payment on such deferred claims is then made after payments in accordance with the plan have been completed for all claims, secured and unsecured, that were timely filed. In those cases where a debtor has objected to the allowance of such claim, the court has sustained the objection and disallowed the claim as late filed.

In sum, allowance of Black's claim would not prejudice the debtor or the other creditors and would cause no disruption whatsoever in the administration of the plan by the trustee. Nor would allowance of the claim adversely affect the feasibility of the plan, since the plan was confirmed in anticipation that the claim would be filed in the amount listed in the schedules, as it was, and paid in accordance with the plan. On the other hand, disallowance of the claim will result in great prejudice to Black. A detailed and thoughtful analysis of this problem has been provided in the case of *In*

---

**4.** It is possible for a plan to be confirmed with no claims being filed. *In re Hardy,* 56 B.R. 95

*re Corbett,* 27 B.R. 442 (Bankr. WD MO 1983). In that case, on similar facts, the court refused to disallow the claim, instead holding that the mandatory time requirements of rules for filing claims were not consistent with the Code and should not be considered as controlling. *Corbett* was followed in the case of *In re Collins,* 33 B.R. 203 (Bankr. ED NC 1983).

■■ This court is sympathetic to the situation in which Black and his attorneys find themselves, and in agreement with most of what is stated in the *Corbett* decision, but it cannot agree that the time requirements of the rules for filing claims are inconsistent with the Code. The legislative history of § 501 indicates that the bankruptcy rules will set the time limits for filing claims (*In re Wilkens,* supra at 463), and Bankruptcy Rule 3002(c) requires claims to be filed within 90 days of the § 341 hearing. By virtue of Bankruptcy Rule 9006(b)(3), the court is prevented from enlarging this time excepting only to the extent and under the conditions stated in B.R. 3002(c). The court in the *Wilkens* case indicated its awareness of the *Corbett* decision but held nevertheless, with some possible exceptions not here relevant, that the time for filing claims was not subject to extension by the bankruptcy court.

The court has filed separate and detailed findings of fact. This decision shall stand as and for its conclusions of law. An order will be entered disallowing the claim as late filed.