**In re Wilfred SHELTON, Aida Shelton, Debtors.**

**Bankruptcy No. 89–4–1805–PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

July 27, 1990.

Ronald Schwartz, Silver Spring, Md., for debtors Shelton.

Roderick Angus, Arlington, Va., for Columbia Federal CU.

Thomas Lackey, Bowie, Md., Chapter 13 Trustee.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court is the objection of Thomas L. Lackey, standing Chapter 13 trustee, to the allowance of the claim of Columbia Federal Credit Union (Columbia Federal) in the amount of $3,710.08 filed May 4, 1990. The trustee points out that the bar date for the filing of claims was October 19, 1989. This is mandated by Bankruptcy Rule 3002(c), which states:

> **Rule 3002. Filing Proof of Claim or Interest.**
>
> **(c) Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows: [not applicable].

Columbia Federal received notice of the filing of the case and admits that its failure to file an unsecured claim in a timely manner was through oversight.

The response filed on behalf of Columbia Federal acknowledging that the claim was untimely filed urges that the debtors' confirmed Chapter 13 plan provides for payment in full of all secured claims together with interest at 10% per annum to all joint unsecured creditors and that it was the debtors' intention to pay their creditors in full. Therefore, allowance of the untimely claim would not prejudice anyone.

The trustee's objection will be sustained. The claim was untimely filed. If the result were any different, the trustee would face numerous problems in reallocating payments. 11 U.S.C. § 501(b) and (c) contemplate timely filing of proofs of claim. The precise time bar in cases filed under Chapter 7 and 13 is supplied by Bankruptcy Rule 3002(c).[1] The applicable law is succinctly stated in the case of *In re Street*, 55 B.R. 763, 766 (9th Cir. BAP 1985):

> Bankruptcy Rule 3002(c) provides that in any "Chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days of the first date set for the meeting of creditors called pursuant to § 341(a) of the Code...." Rule 3002(c) is intended to provide an absolute bar to claims filed after 90 days after the § 341 meeting. Under prior law, "the weight of authority" treated the bar date as "mandatory and immutable" and as a "statute of limitations not subject to extension by the bankruptcy court." *Wilkens v. Simon Bros., Inc.*, 731 F.2d 462, 464 (7th Cir.1984).

*See generally, In re Roberts*, 98 B.R. 664, 666–67 (B.C.Vt.1989); *In re Nohle*, 93 B.R. 13, 14–15 (B.C.N.D.N.Y.1988); L. King, 3 *Collier on Bankruptcy* ¶ 501.01, 8 *Collier on Bankruptcy* ¶ 3002.05 (15th ed. 1990); and 2 K. Lundin, *Chapter 13 Bankruptcy* § 7.18 (1990) (containing a scholarly explication of the issue).

At argument, the creditor relied upon the case of *In re Collins*, 33 B.R. 203 (B.C.E.D.N.C.1983). *Collins* is cited for the proposition that:

> [w]here a confirmed plan provides for all unsecured creditors to be paid in full through a plan, in the absence of evidence of prejudice to the debtor, the late

---

1. Rule 3003(c)(3) governs the time for filing proofs of claim in bankruptcy cases under Chapter 11. In Chapter 11 cases the court has discretion to enlarge the time in which to file a proof of claim. *See generally, In re Somar Concrete, Inc.*, 102 B.R. 44, 46–47 (B.C.Md.1989).

claim filing should be allowed so that the intention of the debtor who proposed the plan and the expectation that the Court which confirmed the plan can be realized.

33 B.R. at 204. Columbia Federal's reliance upon *Collins* is misplaced. That case was decided prior to the applicability of the 1983 Amendment to the Bankruptcy Rules, the first overall amendment after the enactment of the Bankruptcy Reform Act of 1978. It was also decided prior to the addition of § 524(f) to the Bankruptcy Code by the Bankruptcy Amendments and Federal Judgeship Act of 1978. The court will incorporate by reference the discussion of *Collins* found in the case of *In re Furrer*, 67 B.R. 654, 657–58 (B.C.E.D. Wis.(1986)). The court will not restate what is so well set forth in *Furrer*. Congress in enacting 11 U.S.C. § 501 stated in the comprehensive legislative history of the Bankruptcy Reform Act of 1978:

> The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307. The rulemakers have done precisely what Congress intended. Furthermore, the court doubts that the *Collins* case remains the law in the Eastern District of North Carolina. The author of the *Collins* opinion stated in *In re King*, 90 B.R. 155, 158 (B.C.E.D.N.C.1988):

> Although the equities of this situation may favor the debtors, this court may not grant relief to the debtors by misconstruing applicable bankruptcy laws. *Norwest Bank Worthing v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 970, 99 L.Ed.2d 169 (1988). The bar dates for filing claims are strictly construed.

> The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles. While the effects of the bar date appear harsh, any other result would undermine the clear purpose of the Bankruptcy Rules.

*Maressa v. A.H. Robins Co., Inc.*, 839 F.2d 220, 221 (4th Cir.1988).

As Columbia Federal argues, it may well be the debtors' intention to pay Columbia Federal's debt. Credit unions have denied services and taken other steps to "encourage" their constituent debtors to minimize harm to credit unions by bankruptcy filings. Because of the subtle pressure, it may well be the debtors' desire and intention to repay the credit union. Section 524(f) provides:

> **§ 524. Effect of discharge.**
>
> (f) Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.

The 1984 amendment adding § 524(f) put the world on notice that nothing prevented a debtor from repaying a discharged debt voluntarily. Should the debtors wish to repay Columbia Federal, it is their privilege to do so on a voluntary basis. On the other hand, no one may force them to do so without violating either 11 U.S.C. § 362(a) or § 524(a). An order will be entered in accordance with the foregoing.