### In re GRANITE APPAREL, INC., Bankrupt.

### Bankruptcy No. 78–16.

United States Bankruptcy Court, D. Rhode Island.

Sept. 22, 1981.

Joseph T. Little, East Providence, R. I., trustee.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R. I., for I.R.S.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The issue in this proceeding is whether, under § 57(n) of the Bankruptcy Act, 11 App.U.S.C. § 93(n), the six-month period within which claims must be filed, commences on the date initially scheduled for the first meeting of creditors, or on the date that the first meeting is actually held.

The Bankrupt filed a voluntary petition in this Court on January 19, 1978,[1] and notice was mailed to creditors that the first meeting of creditors was scheduled for February 7, 1978 at 2:30 p. m. Blizzard conditions throughout the northeastern United States, however, caused a cancellation of the meeting, which was rescheduled and held on February 28 at 11:00 a. m., pursuant to a second notice mailed on February 14, 1978.

The Internal Revenue Service filed its claim for delinquent taxes on August 15, 1978. The Trustee objects to this claim because it was filed more than six months after February 7. The IRS, contending that the six-month filing period did not commence until February 28 when the first meeting of creditors was actually held, argues that its claim is timely.

Section 57(n) provides, in part, that "[c]laims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed." The phrase "the first date set" contemplates the date on which the first meeting of creditors is *originally scheduled*, even if it is not actually held until a later date. No other reading of this phrase is possible.

The Trustee's objection to the claim of the I.R.S. is sustained.

1. Since the petition in this case was filed prior to the October 1, 1979 effective date of the Bankruptcy Reform Act of 1978, the provisions of the Bankruptcy Act of 1878 are controlling.