**In re GUARDIAN MORTGAGE INVESTORS, Debtor.**

**GUARDIAN MORTGAGE INVESTORS, Appellant,**

v.

**SUNSET VILLAS PHASE III CONDOMINIUM ASSOCIATION, INC., a Florida corporation, Richard Ashenoff and Mario Fernandez, Appellees.**

No. 81–806–Civ–J–B.

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 16, 1981.

Weil, Gotshal & Manges, New York City, James H. Post, Smith & Hulsey, Jacksonville, Fla., for appellant.

Joseph M. Matthews, Murai, Wald & Biondo, Miami, Fla., for appellees.

OPINION

SUSAN H. BLACK, District Judge.

This cause is before the Court on appeal from a Summary Final Judgment entered on June 29, 1981, by the Bankruptcy Court for the Middle District of Florida, Jacksonville Division. The case presents the sole issue of whether the act of a creditor filing a complaint seeking termination of the automatic stay imposed by the Bankruptcy Act constitutes a valid proof of claim so that the creditor's claim is not discharged. For the reasons set forth below, the Court concludes that the complaint, in the context of this case, is sufficient to operate as a proof of claim.

### I.  Factual Context

On March 8, 1978, appellant, Guardian Mortgage Investors (hereinafter "Guardian"), filed a petition for arrangement under Chapter XI of the Bankruptcy Act. On October 18, 1978, appellee, Sunset Villas Phase III Condominium Association, Inc. (hereinafter "Sunset"), filed with the bankruptcy court a Complaint for Relief from Stay Under Rule 11–44 seeking a termination of the automatic stay imposed by that

rule. See Exhibit A appended hereto. In its Complaint, Sunset petitioned for relief from the stay so that it could liquidate its contingent claim against Guardian in state court in Dade County, Florida—a more convenient forum for the litigation. On January 26, 1979, the bankruptcy court entered an order, upon the consent of Guardian and Sunset, lifting the stay.

Subsequently, on April 16, 1979, Sunset brought suit in Dade County seeking compensatory damages of $2,000,000 and punitive damages of $3,000,000 from Guardian. This action is presently pending and is set for trial on November 2, 1981.

Meanwhile, the Chapter XI proceeding in Jacksonville proceeded along its charted course. On December 20, 1979, the bankruptcy court confirmed Guardian's Amended Chapter XI Plan. By its terms, the plan discharged Guardian from all its provable debts and required Guardian to make a confirmation deposit of $56,409,648.53. This sum was to be available for subsequent distribution to the 1,401 creditors of Guardian who had submitted, in some form, proofs of claim as to their disputed and undisputed claims. Guardian states that although it knew of the Complaint for Relief from Stay filed by Sunset it still believed that Sunset had not filed a proof of claim and, therefore, the plan made no provision for Sunset's claim. Likewise, no funds were included in the confirmation deposit on behalf of Sunset's claim.

Approximately fifteen (15) months after confirmation of the plan, the instant controversy began to crystallize. On March 16, 1981, Guardian filed in the bankruptcy court a Complaint to Determine the Dischargeability of a Debt. In its Complaint, Guardian asserted that Sunset had failed to file a proof of claim for its alleged debt within the time prescribed and, as a result, Sunset was barred from collecting said debt from Guardian or Guardian's estate. Sunset responded by moving for summary final judgment, or in the alternative, for an opportunity to file a formal proof of claim as an amendment to its prior assertion of claims. On June 29, 1981, the bankruptcy court entered judgment in favor of Sunset. In that judgment, now on appeal herein, the bankruptcy court ruled that it had no discretion to permit a late or amended proof of claim, but that Sunset's Complaint for Relief from Stay was sufficient to constitute a valid proof of claim.

## II. Sunset's Complaint for Relief from Stay as a Valid Proof of Claim

A proof of claim is defined in Rules Bankr.Proc., Rule 301(a), 11 U.S.C. as follows:

> A proof of claim shall consist of a statement in writing setting forth a creditor's claim and, except as provided in Rules 303 and 304, shall be executed by the creditor .... A proof of claim ... shall conform substantially to Official Form No. 15. [hereinafter "Form 15"]. (See Exhibit B attached hereto).

■ The courts have interpreted the Bankruptcy Act to require two elements in order for a proof of claim to be valid. The proof of claim must be a writing which contains (1) a demand by the creditor on the debtor's estate and (2) an intent to hold the debtor liable for the debt. *See Hoos & Co. v. Dynamics Corp. of America*, 570 F.2d 433 (2d Cir. 1978); *In Re Thompson*, 227 F. 981 (3d Cir. 1915); 3 Collier on Bankruptcy ¶ 57.03 (14th Ed. 1977). Both parties agree on this definition.

While the parties agree on the definition of a proof of claim, their perceptions of its application in this instance are highly disparate. Sunset maintains that its actions in the bankruptcy court were sufficient to constitute a proof of claim, saving its claim from discharge. Sunset relies on its Complaint for Relief from Stay as its proof of claim. Guardian, on the other hand, most aggressively asserts that Sunset's Complaint falls below the requirements of a proof of claim.

■ The Court finds Sunset's Complaint a valid proof of claim. The Complaint meets the proof of claim requirements as it implicitly demanded relief from Guardian's estate and, likewise, expressed the intent to

hold Guardian liable. A fair reading of Sunset's Complaint reveals Sunset's intent to initiate a lawsuit against Guardian. The Complaint also sets forth, in greater detail than provided for in Form 15, the nature of the claim against Guardian. This language transmits the plain message that Sunset felt it had a claim against Guardian and intended to pursue that claim. That message is the essence of any lawsuit. Additionally, all parties involved were apprised eight (8) months before confirmation of the plan that Sunset's claim was for up to $5,000,000. Finally, not only did the detailed description of the claim exceed that required by Form 15, but the Complaint was also received by a proper party—the bankruptcy court. Hence, the requirements of a proof of claim have been met.

Guardian urges that by filing its Complaint, Sunset "*intended* to avoid making a claim against Guardian's estate and to avoid giving notice to Guardian or its creditors that it intended to hold Guardian's estate liable for the payment of its alleged debt." (original emphasis). By this statement Guardian appears to be arguing that Sunset purposefully elected to waive its opportunity to be compensated from the existing estate of over $215,000,000, and instead elected to wait until, if ever, Guardian was successfully reorganized. While such a scenario is possible, the Court considers it highly unlikely. The Court finds more reasonable the explanation that Sunset intended to hold the estate of over $215,000,000 liable for the claim of $5,000,000 which Sunset was proceeding to litigate in Dade County.

Guardian next contends that even if Sunset did not intend affirmatively to "opt out" of the estate, Sunset did not intend for the Complaint to act as a proof of claim at the time it was filed. While this assertion may be factually accurate, it is of no legal consequence. In *Sun Basin Lumber Co. v. United States*, 432 F.2d 48 (9th Cir. 1970), the court addressed this issue. There, it stated:

[T]he document or documents timely filed must fairly reflect the existence of a claim against the estate .... It is of no moment, therefore, that the documents were not intended as a proof of claim.

In *In Re Faulkner*, 161 F. 900, 903 (8th Cir. 1908), .... [t]he court said, "It matters not what the paper filed on July 5, was styled. Scrutiny of it discloses every essential statement required ... to constitute a proof of claim."

*Sun Basin* at 49. *Accord,* 3 Collier on Bankruptcy ¶ 57.11, p. 208 n.31 (14th Ed. 1977). Thus, Guardian's argument as to Sunset's lack of intent to file a proof of claim is not dispositive. What is important is that Sunset had timely filed a written instrument which adequately expressed Sunset's demand on Guardian and Sunset's intent to hold Guardian's estate liable on the demand.

Guardian also maintains that *In Re Hotel St. James Co.*, 65 F.2d 82 (9th Cir. 1933) is on point and persuasive. The Court declines to adopt Guardian's position. *Hotel St. James* involved a secured creditor who petitioned the bankruptcy court for leave to sell his collateral. The court found such petition not to be a proof of claim as it did not demonstrate the intent of the creditor to hold the estate liable. At first glance, *Hotel St. James* and the case at bar appear to be similar. However, in *Hotel St. James* the creditor had two sources of relief—the collateral and the estate of the debtor. By merely petitioning the court for leave to sell the collateral the creditor in no way indicated his desire to hold the estate liable.

Here, however, Sunset, the creditor, really had only one realistic source of relief—Guardian's estate. Thus, Sunset's petition to the bankruptcy court for leave to file a lawsuit against Guardian gives notice to and makes a demand on the estate. No other view of Sunset's petition for relief is as plausible. Therefore, unlike the creditor's petition in *Hotel St. James*, the Complaint for Relief from Stay in the instant case is a satisfactory proof of claim.

In essence, the essential elements of a proof of claim are present. These requirements are not "*stricti juris*" in the sense that any deviation will be fatal. Claims in bankruptcy must be liberally construed. 3 Collier on Bankruptcy ¶ 57.03 (14th Ed.

1977). As the court noted in *In re Franciscan Vineyards, Inc.*, 597 F.2d 181 (9th Cir. 1979), *cert. denied, sub nom. Grover, Trustee in Bankruptcy v. County of Napa*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980):

> The point simply is that "there must have been presented, within the time limit, by or on behalf of the creditor, some written instrument which brings to the attention of the court the nature and amount of the claim." (citations omitted).

*Id.* at 183. Sunset's Complaint has met this requirement.

▆ Though the Court need not and does not rule on the issue, it notes the confusion over the propriety of an amended claim in this context. The bankruptcy court, relying on *Matter of the Valley Fair Corp.*, 4 B.R. 564 (Bkrtcy.S.D.N.Y.1980), held that amended claims filed after the time for filing had expired are strictly prohibited in Chapter XI cases. *Valley Fair* merely stands for the proposition that late claims presenting entirely new claims are time barred in Chapter XI proceedings. It has long been established that the bankruptcy court possesses the power to allow the filing of a formal amended claim where a timely original filing was accomplished and such original filing met the proof of claim requirements set forth above. *In re the Matter of Gibraltor Amusements Ltd.*, 315 F.2d 210, 213 (2d Cir. 1963). *See also Matter of Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir. 1980). Such is true even in Chapter XI proceedings like the case at bar. *See In re High Point Seating Co.*, 181 F.2d 747 (2d Cir. 1950).

In accordance with the foregoing, the Summary Final Judgment entered by the bankruptcy court on June 29, 1981, is affirmed.

EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

TAX IDENTIFICATION NO. 59–6220555

IN RE:                                          :

GUARDIAN MORTGAGE INVESTORS,
                                                :
Debtor,

SUNSET VILLAS PHASE III                         :
CONDOMINIUM ASSOCIATION, INC.,
                                                    ARRANGEMENT NO. 78–141–BK–J
Plaintiff,    :

vs.
                                                :
GUARDIAN MORTGAGE INVESTORS,
SUNSET VILLAS CONDOMINIUMS
OF MIAMI, INC., and FRANK                       :
ACKERMANN,

Defendants.   :

COMPLAINT FOR RELIEF FROM STAY UNDER RULE 11–44

SUNSET VILLAS PHASE III, CONDO-MINIUM ASSOCIATION, INC. ("Association"), by and through its undersigned attorneys, files this Adversary Complaint seeking relief from the automatic stay imposed herein pursuant to Chapter XI, Rule 11–44 and states:

1.  The Association is a non-profit corporation organized and existing under the laws of the State of Florida.

2.  The Association brings this action on its own behalf, and also as representative of a class of plaintiffs consisting of all unit owners of condominium units at SUNSET VILLAS CONDOMINIUMS, PHASE IIIA ("Condominium"), a class consisting of approximately 440 unit owners ("Class").

3.  Association is the fee owner of all common areas and elements of the Condominium and the Class members are the owners of the individual units and appurtenances thereto of the Condominium.

4.  Debtor, GUARDIAN MORTGAGE INVESTORS, was originally the construction lender on all phases of the Sunset Villas Condominium project.  However, when the original developer went into default, the Debtor accepted a deed in lieu of foreclosure, became the developer, and proceeded to complete construction and sell the remaining condominium units.

5.  Defendant, SUNSET VILLAS CONDOMINIUMS OF MIAMI, INC. ("Subsidiary") is a wholly-owned subsidiary of the Debtor, which was incorporated in 1975 for the sole purpose of taking title to the Condominium Property through the deed in lieu of foreclosure from the original developer, and serving as a conduit through which the Debtor could complete construction of the Condominium, sell the units, and grant mortgages to the unit purchasers.

6.  From the date of its incorporation the Subsidiary has been used as an artifice to defraud the purchasers of units in the Condominium.  It was financed by Debtor with grossly inadequate capitalization in light of the business which it conducted, all officers and directors of the Subsidiary were officers, directors or employees of Debtor, all expenses (including payment of employee's salaries) and losses of the Subsidiary were paid for by Debtor, the Subsidiary's sole purpose was to complete construction of the Condominium and sell units for the benefit of Debtor, and the directors and officers of the Subsidiary took their orders directly from Debtor and did not act independently in the interest of the Subsidiary.

7.  Defendant, FRANK ACKERMANN, is an employee of Debtor, Vice President of the Subsidiary, and past President of the Association.

8.  The Association, for itself and as representative of the Class wishes to file a lawsuit against the captioned Defendants for actual, compensatory, and punitive damages based upon defective construction of the Condominium, failure of Defendants to provide various promised items as part of the completed Condominium, mismanagement of the Association while in control of it, misrepresentation and fraud in the sale of condominium units and unjust enrichment based upon the failure to pay interest on the real property tax escrow payments required in mortgages granted by the Debtor.

9.  By virtue of the Debtor's petition in this Court under Chapter XI of the Bankruptcy Act, the Association has been stayed from commencing any action to enforce its rights against the Debtor under applicable Florida law in any other Court.

10.  Good cause exists for the granting of relief from the automatic stay so that the Association may initiate a lawsuit against the Debtor.  Said good cause exists based on the following facts:

A) The legal issues involved in the Association's claims are entirely local in nature and are susceptible to prompt state court determination.

B) As the claims presently stand they are unliquidated, contingent liabilities of the Debtor, its subsidiary and Ackermann.  A prompt state court determination of the claims will not unduly hamper the proper administration of the Chapter XI case or interfere with the formulation of the Debt-

or's plan, but rather, will be of benefit to the Debtor and the other creditors of Debtor in that it will serve to liquidate the Association's claims and thereby assist in formulation of the plan.

C) The witnesses and evidentiary material which are key elements of the Association's claims are in Dade County and are very likely to become unavailable or misplaced in the future, or the cost of transporting and presenting said witnesses and evidentiary materials to this Court would very likely be so great as to prohibit the Association from effectively pursuing its rights and those of the Class it represents.

D) Other potential defendants and/or third-party defendants, namely contractors, sub-contractors, and others who participated in and contributed to the numerous construction defects in the condominium are all located beyond the jurisdiction of this Court.

WHEREFORE, the Association prays that the automatic stay entered in this cause pursuant to Rule 11–44(a), be modified so as to permit it to commence and prosecute an action against Debtor, the Subsidiary and Ackermann in such forum as may be appropriate, and for such other relief as is proper.

> Respectfully submitted,
> PAUL, LANDY & BEILEY
> Attorneys for Plaintiff
> Penthouse (12th Floor)
> Greater Miami Federal Building
> 200 S.E. First Street
> Miami, Florida 33131
> By /s/ J. M. Matthews
>   Joseph M. Matthews

EXHIBIT B

B.O.F. 18
(Rev. 3/74)

# United States District Court

**For the** _____ **District of** _____

In re

Bankruptcy No. _____

*Bankrupt* *

## PROOF OF CLAIM

1. [*If claimant is an individual claiming for himself*] The undersigned, who is the claimant herein, resides at **                                                                           .

[*If claimant is a partnership claiming through a member*] The undersigned, who resides at **                                                                          ,

is a member of                                                                , a partnership,
composed of the undersigned and
of **                                                                                    , and
doing business at **                                                                       ,
and is authorized to make this proof of claim on behalf of the partnership.

[*If claimant is a corporation claiming through an authorized officer*] The undersigned, who resides at **                                                                               ,
is the                                            of                                          ,
a corporation organized under the laws of
and doing business at **                                                                      ,
and is authorized to make this proof of claim on behalf of the corporation.

[*If claim is made by agent*] The undersigned, who resides at**

, is the agent of

, of**

, and is authorized to make this proof of claim on behalf of the claimant.

2.  The bankrupt was, at the time of the filing of the petition initiating this case, and still is indebted [*or* liable] to this claimant, in the sum of $             .

3.  The consideration for this debt [*or* ground of liability] is as follows:

4.  [*If the claim is founded* on writing] The writing on which this claim is founded (or a duplicate thereof) is attached hereto [*or* cannot be attached for the reason set forth in the statement attached hereto].

5.  [*If appropriate*] This claim is founded on an open account, which became [*or* will become] due on                          , as shown by the itemized statement attached hereto. Unless it is attached hereto or its absence is explained in an attached statement, no note or other negotiable instrument has been received for the account or any part of it.

6.  No judgment has been rendered on the claim except

7.  The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8.  This claim is not subject to any setoff or counter-claim except

9.  No security interest is held for this claim except

[*If security interest in property of the debtor is claimed*] The undersigned claims the security interest under the writing referred to in paragraph 4 hereof [*or* under a separate writing which (or a duplicate of which) is attached hereto, *or* under a separate writing which cannot be attached hereto for the reason set forth in the statement attached hereto]. Evidence of perfection of such security interest is also attached hereto.

10.  This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

(Unsecured)
11.  This claim is filed as a(n) (Secured    ) CLAIM.
(Priority    )

$ _____
Total Amount Claimed

Claim Number
(For Office Use Only)      Name of Creditor: _____
(*Print or Type Full Name of Creditor*)

Dated:              Signed: _____

Penalty for Presenting Fraudulent Claim.   Fine of not more than $5,000 or imprisonment for not more than 5 years or both—Title 18, U.S.C., § 152.

\* *Include all names used by bankrupt within last 6 years.*
\*\* *State post office address.*