**In re Robert Miller CORBETT, Debtor.**

**In re Leo and Patsy WHEELER, Debtor.**

**In re Jimmie Earl WOODS and Ruth Yvonne Woods, Debtors.**

**In re Thelma Chatman EASON, Debtor.**

**In re David Garland LAMB, Jr. and Dorothy Jean Lamb, Debtors.**

**In re Earl Eugene WEAVER, Debtor.**

**In re Jessie Mae WILLIAMS, Debtor.**

**In re James Edward WILLIAMS and Delphine M. Williams, Debtors.**

Bankruptcy Nos. 81–01504–13, 81–01618–13, 81–03238–13, 80–03215–13, 80–03246–13, 80–03584–13, 80–02435–13 and 81–02298–13.

United States Bankruptcy Court, W.D. Missouri.

Feb. 8, 1983.

Maurce B. Soltz, Ronald S. Weiss, John R. Stonitsch, Kansas City, Mo., for debtors.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

In these Chapter 13 cases debtors have objected to claims filed more than six months after the § 341 meeting. It has

been the practice in this district to allow such claims and pay them as deferred, which is after payment of all claims, secured and unsecured, timely filed. Even though scheduled, no creditors are paid in a Chapter 13 case unless they file claims. The confirmability of a plan on the other hand is determined by an analysis based upon the amount of payment to all creditors without regard to whether a claim is filed. Debts to all scheduled creditors, with two narrow exceptions, are discharged when the plan is completed without regard to whether a creditor actually receives payments. Section 1328 of the Code.

There is no provision in Chapter 13 regulating the manner in which pre-petition creditors must file claims. Section 501 of the Code, which applies to all chapters, provides that creditors, debtors or trustees may file claims. No time limit for the filing of claims is contained in Section 501.

Where the statute is silent, the Court may look to the Rules of Bankruptcy Procedure to determine applicable procedures. Rule 13–302(e)(2) provides as follows:

"Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case . . ."

The exceptions are not pertinent. Rule 302(e), Rules of Bankruptcy Procedure, sets the same six month limit generally to the filing of claims.

■ The rules are written in mandatory language and the Courts have interpreted them in that fashion.

"The sixth month filing period limitation is mandatory and may not be extended by this court." *In re Evanston Motor Co., Inc.,* 20 B.R. 550, 551 (Bkrtcy.N.D.Ill. 1982).

"Since the six month filing requirement is a mandatory and nondiscretionary statute of limitations, . . . [the] late claim may not be allowed." *In re Tavares,* 23 B.R. 129, 130 (Bkrtcy.R.I.1982).

See also *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y. 1982), *In re Granite Apparel, Inc.,* 14 B.R.

171 (Bkrtcy.R.I.1981) and *Matter of Brown,* 14 B.R. 233 (Bkrtcy.N.D.Ill.1981). Rule 906(b) of the Rules of Bankruptcy Procedure limits the manner in which extensions of time to file claims may be granted. No extension of time to file claims is allowed the routine creditor unless assets are discovered or there is a surplus. But see *In re Humblewit Farms, Inc.,* 23 B.R. 703, 7 C.B. C.2d 495 (Bkrtcy.S.D.Ill.1982). Where assets are discovered or there is a surplus creditors, including those who had not filed claims before, are invited to file claims. Rules 302(e)(4) and 302(e)(5).

Rule 302(e)(5) provides that, "If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus." The purpose of the rule is to avoid the inequity of returning property to the bankrupt before the payment to creditors. *Wolverton v. Shell Oil Company,* 442 F.2d 666 (9th Cir.1971).

In Chapter XIII cases under the Bankruptcy Act, debts for real property or chattels real could not be included in the plan. Section 606 of the Act, Section 1006, Title 11, U.S.C. In addition creditors were entitled to reject a plan upon timely filing of an objection. Rule 13–202(a), Rules of Bankruptcy Procedure. If there were sufficient rejections the plan could not be confirmed. Sections 651 and 652 of the Act, Sections 1051 and 1052, Title 11, U.S.C., Section 666 of the Act, Section 1066, Title 11, U.S.C.

These matters are changed in the Bankruptcy Code. The plan now deals with all debts and creditors no longer vote to accept or reject the plan. The plan is to be confirmed if it meets all the statutory requirements of Section 1325 of the Code, without regard to acceptance or rejection by creditors. The plan may modify and compromise the treatment of debt with some exceptions and may provide for the discharge of otherwise nondischargeable debts without payment in full except for alimony or child support. Section 1322 of the Code. A plan is often confirmed before creditors have filed claims.

While the early filing of claims was important to confirmation under the Bankruptcy Act, enabling the court to determine whether a plan is confirmable and should be confirmed, it is of no particular significance now. The plan may be confirmed even if no claims have been filed. Confirmation now depends upon the analysis of plan provisions in light of statutory standards and the projected ability of the debtor to fund the plan.

Since the plan proposes payments to all creditors and is confirmed on that proposition, it no longer makes sense to deny a creditor payment simply because the claim is filed out of time. Payment to such a creditor is not an unconsidered notion. In addition to those portions of Rule 302 which contemplates such payments, Section 726 creates several exceptions to the requirement of timely filing. See also Section 501 of the Code which allows debtors and trustees to file claims if the creditor does not.

Assuming the creditor does not make a timely filing, the trustee could file for him. This creates administrative problems for the trustee. It creates problems for the debtor in that the trustee's claim will be based upon the schedules which may not be accurate. It is far better to allow a late filed claim which is accurate and which does not impose an additional administrative burden on the trustee to file timely claims.

A scheduled debt, whether or not actually paid, is discharged in a Chapter 13 case when the payments are completed, with exceptions not controlling here. Section 1328 of the Code. If claims are not filed, payments under the plan are completed earlier than projected. A late filed claim may be paid and the plan still be completed within a lawful time period because the plan is developed and confirmed upon the proposition that all creditors will be paid certain amounts under the plan. There is thus no prejudice to the debtor.

There is, however, prejudice to the creditor if the late claim is not allowed. After all, the creditor did advance funds, perform services, or sell goods to the debtor on the assumption that he would be paid. In his Chapter 13 plan the debtor does propose some payment to all creditors. There is no policy reason why such payments should not be made. It might be different if the case were closed before the claims were made because of the added weight which must be given to considerations of efficient administration. But here the claims were made while the case was still open.

It is interesting to note that the proposed bankruptcy rules do not deal with claims against a surplus in a Chapter 13 case. Rule 3002(c)(6). The advisory committee note says that in "Chapter 13 cases, the plan itself provides the distribution to creditors ..." The rule is otherwise similar to the present scheme and is couched in mandatory language. It is apparent that the rule does not deal with the problem before this Court.

Section 405(d) of the Code provides that the Rules apply to cases under the Code "to the extent not inconsistent with the amendments made by this Act, or with this Act ..." The Court concludes that the mandatory time requirements for the filing of claims, as such requirements apply to Chapter 13 cases, are not consistent with the Code and should not be considered as controlling. The Court recognizes the violence done to the plain language of the statutes and rules but concludes that the policy of payment to creditors implicit in Chapter 13 cases is of overriding importance. A Chapter 13 case offers the only effective way in which the average debtor can pay creditors out of future earnings. It is a process which closely reflects the realities of extensions of credit, which are based in part upon the future ability of the borrower to repay. See 5 Collier on Bankruptcy ¶ 1300.01 (15th Ed.).

The Court holds that an unsecured claim which is not timely filed but which is filed before the case is closed may be allowed, absent a showing of prejudice on the part of debtor. The objection to the late filed claim in each of these cases is OVERRULED.