**In re Phil BROWN, Debtor.**

**Bankruptcy No. 79 B 39567.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Feb. 22, 1983.

772

Zenoff, Westler & Zenoff, Chartered, Chicago, Ill., for Bank of Chicago.

Zalutsky & Pinski, Ltd., Chicago, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter comes before the Court on the Bank of Chicago's motion to deem their proof of claim as timely filed and to order the trustee to pay that claim in the amount of $1,012.00. The Court having carefully considered the matter, denies the motion and disallows the claim as untimely filed under Bankruptcy Rule 13–302(e).

The facts are not disputed. The debtor, Phil Brown, filed a Chapter 13 petition for relief under the Bankruptcy Code on October 19, 1979. The debtor's schedules did not list the Bank of Chicago as a creditor. The first creditor's meeting was held and concluded December 13, 1979. The plan was subsequently confirmed by the Court on January 4, 1980.

A petition to amend the original Chapter 13 schedules by adding the bank as an unsecured creditor was filed by the debtor on February 8, 1980. An order was entered by the court on February 19, 1980 allowing the amendment. Notice of the amendment was properly served on the bank. Apparently, due to the fact that notice of the amendment was misfiled by the bank, it is only now, nearly three years later, that proof of the claim is offered and the request made that it be deemed as timely filed.

The basic issue before the Court is whether Bankruptcy Rule 13–302(e) operates as an absolute bar to the filing under Chapter 13 of an unsecured proof of claim more than six months after the first creditor's meeting.

Section 501 of the Bankruptcy Code provides for the filing of proofs of claim. However, it does not treat the matter of time limitations for the filing of claims, nor do the interim bankruptcy rules offer guidance as to the filing of an unsecured creditor's claim in a Chapter 13 case under the 1978 Code. Thus, Bankruptcy Rule 13–302 which sets forth a specific time limitation for the filing of unsecured claims remains applicable since it is not inconsistent with the Code. *Bankruptcy Reform Act,* Pub.L. No. 95–598 (1978), U.S.Code Cong. & Ad-

min.News 1978, p. 5787. Subsection (2) of Bankruptcy Rule 13–302(e) provides:

> Unsecured claims, whether or not listed in the Chapter 13 statement *must* be filed within six (6) months after the first date set for the creditors in the Chapter 13 case, . . . .

▮ Aside from certain exceptions not applicable in the present case, this provision acts as a bar to late filed claims. *In re Foster,* 11 B.R. 476 (Bkrtcy.S.D.Cal.1981); *In re Francis,* 15 B.R. 998 (Bkrtcy.E.D.N.Y. 1981). Lacking a specific provision either in the Code under Section 501 or in the rule itself giving the court such discretionary authority under the above facts, this Court cannot simply waive the statutory six month limitation and deem the bank's proof of claim as filed timely.

▮ The filing of a timely proof of claim is a prerequisite to the allowance of a claim and essential in a Chapter 13 case if the creditor wishes to receive payments under the debtor's plan. See *3 Collier on Bankruptcy,* Section 501.1 at 501–6 (15th Ed.1980). The record clearly indicates, and the bank does not dispute, that notice of the debtor's amendment proposing to pay the claim was received. That notice informed the bank that proof of the claim had to be filed within six months. No proof of claim was filed by or on behalf of the bank within that time. Therefore, the bank's proof of claim filed nearly three years late is disallowed.

The bank's position, although unfortunate, is solely their responsibility. Had the bank filed a timely proof of claim pursuant to 11 U.S.C. 501(a) and Bankruptcy Rule 13–302(e), its rights would have been protected. The six month time limitation was intended to facilitate the smooth and efficient administration of the debtor's estate. It cannot simply be ignored. For the past 36 months, the debtor has made payments to the allowed creditors under a plan which will, if completed, pay 100% of their claims. It would be inequitable as well as contrary to Bankruptcy Rule 13–302(e) to require the debtor to now adjust his plan to include the bank's claim in his payment schedule.

Implicit in a denial of the bank's motion and disallowance of their claim is the conclusion that if the debtor successfully completes payments under his current plan, the bank's claim will be discharged with all other claims listed on the schedules. The scope of the discharge includes not only claims in which the creditor has indeed filed his proofs of claim but also those included in the debtor's schedules to which no proof of claim was provided for.

WHEREFORE, IT IS HEREBY ORDERED that Bank of Chicago's motion to deem proof of claim as timely be denied.