**In re Philip L. GREENE, Judith K. Greene, d/b/a Liberty Liquor, Debtors.**

**Bankruptcy No. 8000396.**

United States Bankruptcy Court, D. Rhode Island.

June 16, 1983.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

David A. Schechter, Schechter, Abrams & Verri, Providence, R.I., for Rhode Island Hosp. Trust Nat. Bank.

DECISION SUSTAINING TRUSTEE'S OBJECTION TO THE ALLOWANCE OF CLAIM NO. 26, FILED BY RHODE ISLAND HOSPITAL TRUST NATIONAL BANK OUT OF TIME

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

At issue in this dispute is whether the trustee's actual knowledge of a claim, within the time allowed for filing proofs of claim, constitutes a sufficient ground for permitting a formal proof of claim to be filed out of time by Rhode Island Hospital Trust National Bank.

The facts are not in dispute. The debtor filed a petition under Chapter 13 of the Bankruptcy Code on June 3, 1980. The § 341 meeting was scheduled for June 19, 1980, and therefore all claims were to be filed by December 19, 1980. The Bank filed an unsecured claim in the amount of $59,-422.40 on January 26, 1982, more than one year after the expiration of the time allowed for filing claims.

The trustee objects to the allowance of the Bank's claim, arguing that there must be strict adherence to established time limits for the filing of proofs of claim. The Bank contends that since it participated in the bankruptcy proceeding, communicated with the trustee, and provided him with documentation about the claim in question, it should now be permitted to file a late claim and have it treated as an amended claim.

**1.** We specifically reject those cases holding that rule 13–302 is no longer applicable under the Bankruptcy Code. *See In re Corbett,* 27 B.R. 442, 10 B.C.D. 333 (Bkrtcy.W.D.Mo.1983).

**2.** Section 57(n) of the Bankruptcy Act provides in part:

n. Except as otherwise provided in this Act, all claims provable under this Act, in-

11 U.S.C. § 501(a) provides that "a creditor ... may file a proof of claim." Since that section does not establish time limitations for the filing of proofs of claim, it is appropriate to refer to the Rules of Bankruptcy Procedure for guidance. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787; *3 Collier on Bankruptcy* ¶ 501.02 (15th ed. 1982).[1] Rule 13–302 of the Rules of Bankruptcy Procedure provides in part:

(e) Time for Filing.

. . . .

(2) Unsecured Claims. Unsecured claims, whether or not listed in the Chapter XIII Statement, *must* be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case. . . . (emphasis added)

Like Rule 13–302(e), Bankruptcy Rule 302(e), which also prescribes a six month filing period after the scheduled date of the first meeting of creditors, is derived from section 57(n)[2] of the Bankruptcy Act. Many courts, including this one, have held that the six month period prescribed by the rules is in the nature of a statute of limitations and must be narrowly construed. *See In re Pigott,* 684 F.2d 239 (3rd Cir.1982); *In re Walter,* 29 B.R. 449 (Bkrtcy.S.D.N.Y. May 4, 1982); *In re Brown,* 27 B.R. 771, 10 B.C.D. 339 (Bkrtcy.N.D.Ill.1983); *In re Tavares,* 23 B.R. 129 (Bkrtcy.D.R.I.1982); *In re Pennetta,* 19 B.R. 794 (Bkrtcy.D.Colo. 1982); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982); *In re Brown,* 14 B.R. 233 (Bkrtcy.N.D.Ill.1981); *In re Foster,* 11 B.R. 476 (Bkrtcy.S.D.Cal. 1981). In discussing the mandatory nature of the time limit established in § 57(n) and the rules, Collier states:

Whether the court may extend the statutory period for filing proofs of claims is a slightly more complex question. The in-

cluding all claims of the United States and of any State or any subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed. . . .

herent equity powers of the bankruptcy court, so frequently referred to, are a tempting instrument to mitigate the harshness involved in any statutory time limitation, but under the Act courts have generally withstood the temptation even in situations in which the equities of the case, if they might have been considered, spoke strongly in favor of equitable relief.

The weight of authority considers the statutory six months' period mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohibition. It is peremptory." (citations omitted).

*3 Collier on Bankruptcy,* ¶ 57.27 (14th Ed.). Strict adherence to the six month rule is the key to the effective administration of bankruptcy cases by providing the debtor, the trustee and creditors with a specific time within which all claims will have been filed. The language of the rule is unambiguous and specific.

The Bank argues that if the creditor attends hearings and is "in touch" with the Trustee or with the Court concerning its claim, then the six month filing deadline should be tolled. I disagree with that argument, and the contention that this late filing should be allowed as an amended claim based on equitable principles is rejected. We have considered those decisions cited by the Bank allowing such amendments, but either disagree with those results outright, or conclude that such authorities are not applicable to the facts of the instant case.

Assuming, hypothetically only, that this Court has the authority to allow creditors to file "amended claims" after the running of the six month period, I would decline to do so in this case. Although the Bank did participate in confirmation hearings before the Court and sent documentation of its claim to the trustee, nothing resembling a claim was filed or placed in the Court records, defective or otherwise. Rhode Island Hospital Trust National Bank is a sophisticated institution which is involved in bankruptcy proceedings before this Court almost daily. Even if excusable neglect were available to creditors in these situations, the record contains no reason for the Bank's failure to file a formal proof of claim for more than one year after the deadline.

The trustee's objection to the allowance of claim no. 26 of Rhode Island Hospital Trust National Bank in the amount of $59,422.40 is sustained. Enter order accordingly.