**In re Brian P. SINYKIN, Debtor.**

**Bankruptcy No. BKY 4–82–571.**

United States Bankruptcy Court,
D. Minnesota.

July 18, 1983.

William Kampf, St. Paul, Minn., for claimants, Alex Berco and Stella Berco.

Ian Traquair Ball, Minneapolis, Minn., for debtor.

## MEMORANDUM ORDER ALLOWING CLAIMS

HARTLEY NORDIN, Bankruptcy Judge.

Alex Berco and Stella Berco, unsecured creditors of the above-named Debtor, filed an application for allowance of claims. A hearing was held before the undersigned on this matter on July 1, 1983.

## FACTS

A judgment was entered against Debtor and in favor of Alex Berco and Stella Berco on June 16, 1981, in the District Court, Fourth Judicial District, Hennepin County, Minnesota, in the case entitled *Alex M. Berco and Stella S. Berco v. Brian Sinykin,* (No. 724025). Judgment for Alex Berco was in the amount of $81,798.94 plus interest and costs. Judgment for Stella Berco was in the amount of $14,104.56 plus interest and costs.

Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on March 29, 1982. Debtor scheduled the Claimants as having an unsecured claim in the amount of $97,941.00.

A Notice of Chapter 13 Case, etc. was mailed to creditors, including the Claimants, which stated that creditors must file a proof of claim in order to receive payments from the trustee under the chapter 13 plan and fixed July 21, 1982, as the last day to timely file proofs of claim. The Claimants did not file proofs of claim within the specified time period.

On May 4, 1982, the Claimants filed a motion objecting to the confirmation of Debtor's chapter 13 plan. One of the grounds for their objection was that under the plan they would receive payment of less than 4 percent of the amount they were owed. Hearings were held before the undersigned on the Claimants' objection on May 7 and 25, 1982. At these hearings the Claimants filed a copy of the above-described state court judgment and informed the Court of the nature and amount of their claims.

On September 28, 1982, this Court confirmed Debtor's amended chapter 13 plan, which provided for an 8 percent payout of unsecured claims, including the Claimants' claims.

On March 24, 1983, Alex Berco filed proof of claim No. 8 in the amount of $82,059.20, and Stella Berco filed proof of claim No. 9 in the amount of $15,288.12. On June 1, 1983, the Claimants filed their application for allowance of claims 8 and 9.

## DISCUSSION

Debtor asserts that Bankruptcy Rule 13–302 is applicable to chapter 13 cases under the Bankruptcy Code and that claims 8 and 9 are barred as not timely filed under Rule 13–302(e)(2).

Considerable disagreement exists among the bankruptcy courts as to whether Rule 13–302(e)(2), promulgated under the Bankruptcy Act, remains in effect under the Bankruptcy Code. *Compare In re Brown,* 27 B.R. 771, 10 B.C.D. 339 (Bkrtcy., N.D.Ill. 1983) (Rule 13–302(e)(2) remains in effect under the Bankruptcy Code) *with In re Corbett,* 27 B.R. 442, 10 B.C.D. 333 (Bkrtcy., W.D.Mo.1983) (Rule 13–302(e)(2) is not applicable under the Bankruptcy Code). Given the uncertainty surrounding Rule 13–302(e), and taking into account the fundamental differences between chapter 13 cases under the Bankruptcy Code and chapter XIII cases under the Bankruptcy Act, the Bankruptcy Court for this District issued a General Order in Bankruptcy, dated October 30, 1980, which governs the filing of proofs of claims in all chapter 13 cases.

The General Order provides that a creditor must file a proof of claim in order to receive payments from the trustee under a chapter 13 plan. A proof of claim filed after the claim filing period is tardily filed. Tardily filed claims may be paid, but only after final distribution on timely filed claims "unless the trustee certifies that (the tardily filed) claim has been integrated into the files, records and equipment of the trustee ... or the court orders such integration."

The circumstances of this case make an order to integrate and pay claims 8 and 9 under the plan particularly appropriate. The debt underlying claims 8 and 9 was scheduled by Debtor. The nature and amount of the claims were made known to the Court, Debtor, Debtor's counsel, and the trustee within the claim filing period. Debtor's amended plan was devised and confirmed on the assumption that the Claimants would receive their proportionate share of the payments made by the trustee

under the plan. In short, there is no possibility of prejudice or surprise to Debtor or creditors by paying claims 8 and 9 on an equal basis with other general unsecured claims. *See In re Corbett, supra.*

The Claimants assert, in the alternative, that their claims should be recognized as informal claims, and their proofs of claim allowed as amendments to their informal claims.

It was long recognized under the Bankruptcy Act that when a creditor had put on the record within the claim filing period sufficient information to establish the existence, nature and amount of its claim and its intent to assert the claim against the estate, the creditor had established an informal claim that would be allowed. *See In re Faulkner,* 161 F. 900 (8th Cir.1908). As Judge Dim pointed out in *In re Hart Ski Mfg. Co., Inc.,* 5 B.R. 326, 327–8 (Bkrtcy., D.Minn.1980):

> The new Bankruptcy Code has not altered the substantive law in this area. The underlying purpose is the same; to provide the trustee ... with adequate notice of the claim against the estate. The filing of a proof of claim is a ministerial act which does not alter the legal and equitable relationships involved.

The Claimants have clearly met the requirements for an informal claim. In May 1982, they filed with this Court the judgment upon which their claims are based and established their intention to assert their claims against the estate during the hearings on their objection to confirmation of Debtor's plan.

The proofs of claim filed by the Claimants in March 1983, do not assert any new claims against the estate. The proofs of claim should therefore be allowed as amendments to their informal claims.

Accordingly,

IT IS ORDERED:

1. That proofs of claim No. 8 and No. 9, filed by Alex Berco and Stella Berco respectively, are allowed as claims tardily filed pursuant to the General Order in Bankruptcy entered by the Bankruptcy Court of this District on October 30, 1980.

2. That, alternatively, proofs of claim No. 8 and No. 9 are allowed as amendments to the informal claim established by Alex Berco and Stella Berco within the claim filing period.

3. That the chapter 13 trustee is directed to integrate claims No. 8 and No. 9 into his files, records and equipment and to pay dividends on said claims as if timely filed and pursuant to the confirmed chapter 13 plan.