**In re ROCO CORPORATION, d/b/a Standard Supply Co., Debtor.**

**Bankruptcy No. 8000718.**

United States Bankruptcy Court, D. Rhode Island.

Aug. 18, 1983.

---

## ORDER EXTENDING TIME WITHIN WHICH TO FILE CLAIMS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

American Tack & Hardware Co. (American) has moved to file a proof of claim out of time, and the debtor objects. Counsel for American outlines the facts as follows:

1. The debtor filed a Chapter 7 petition in 1980, and creditors were advised at that time that no proof of claim need be filed since it appeared to be a no-asset case.

2. On April 12, 1983, the clerk of the Bankruptcy Court notified creditors that because there now appeared to be assets, creditors were granted until May 12, 1983, to file proofs of claim.

3. This notice was received by American's counsel on April 18 and forwarded to American's New York office.

4. American executed the proof of claim in New York on May 11 and mailed it to counsel on the same date. It was received by counsel on May 13, one day after the deadline set by the clerk's office.

American's memorandum cites no law in support of its motion to file a proof of claim out of time, and instead relies upon the equitable argument that "it is less than fair that honest creditors are disadvantaged by an arbitrary filing deadline with no meaningful relationship to anything." Memorandum at 1. This reasoning is irrelevant and unpersuasive in the context in which American has chosen to base its argument, because the Bankruptcy Rules and case law establish unalterable deadlines with respect to the filing of claims. *See, e.g., In re Greene,* 30 B.R. 729 (Bkrtcy.D.R.I.1983)

(court has no discretion to alter statutory deadline for filing proof of claim).

Nevertheless, American could have had the matter resolved promptly and in fact administratively, had counsel relied upon and called to the attention of the Clerk Bankruptcy Rule 302(e)(4),[1] which provides:

> If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

In this case, through error, creditors were granted only 30 days, instead of the minimum 60 days[2] within which to file claims.

Because the original notice to creditors was defective, and because new Bankruptcy Rule 3002(c)(5), effective August 1, 1983, provides that creditors may file proofs of claim within 90 days in such circumstances, it is ordered that notice be mailed to all creditors fixing a deadline which meets the requirements of Rule 3002(c)(5). American's proof of claim, already filed, obviously meets any such deadline, and American need not file another claim.

Enter order accordingly.

---

1. As of August 1, 1983, new Bankruptcy Rules are in effect, and Rule 3002(c)(5) supplants former Rule 302(e)(4). The principal change in the new Rule is the provision granting creditors 90 days from the date of mailing of the notice in which to file proofs of claim.

2. As of August 1, 1983, creditors may file proofs of claim within 90 days. *See supra* note 1.