**In re Curtis-Boyd THORNLIMB, Deborah Ann Thornlimb, Debtors.**

**Bankruptcy No. 8100215.**

United States Bankruptcy Court, D. Rhode Island.

March 12, 1984.

Larry Dub, Pearlman & Vogel, Providence, R.I., for Thorp Credit, Inc.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., Trustee.

Russell D. Raskin, Providence, R.I., for debtors.

## DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE A CLAIM OUT OF TIME

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on December 1, 1983 on the trustee's objection to the Motion of Thorp Credit, Inc. for leave to file a proof of claim out of time. Thorp argues that regardless of its failure to file a timely, formal proof of claim, the debtors, the trustee, and the Court had actual notice, within the statutory time period, that Thorp had a claim which it intended to press. The question raised is whether references to Thorp's claim in the judicial record are sufficient to constitute an amendable proof of claim. We find that they are.

1. Bankruptcy Rules 13–302(e) and 302(e).

2. Pursuant to the revised Bankruptcy Rules, effective August 1, 1983, Rule 3002 shortens the time for filing proofs of claim to "within 90

On March 19, 1981 the debtors filed a joint Chapter 13 case. Since the date set for the first meeting of creditors was April 15, 1981, claims were required to be filed by October 15, 1981.[1] Thorp Credit, Inc. filed the instant proof of claim on November 2, 1983.

Because the question of whether or under what circumstances a creditor may file a proof of claim out of time has been addressed so recently by this Court, and by the District Court affirming our decision in *In re Greene,* 30 B.R. 729 (Bkrtcy.D.R.I. 1983), *aff'd.,* 33 B.R. 1007 (D.C.D.R.I.1983), we see no need to repeat the reasoning and legal authority supporting the application of the rigid rule that an unsecured claim "... *must* be filed within 6 months after the first date set for the first meeting of creditors ..." Bankruptcy Rule 13–302(e)[2] and Rule 302(e) (emphasis added). In granting Thorp the relief which it seeks here, we do not depart from the holding in *Greene,* because the facts in the case at bar are clearly distinguishable from and not controlled by *Greene.*

The single exception to what most courts, including this one, view as an absolute statute of limitations, is where some informal proof of claim manifests *on the "judicial record"* the existence, nature, and amount of the claim, which may thereafter be "amended" by a formal proof of claim. *See In re Greene,* 33 B.R. 1007 (D.C.D.R.I. 1983), and cases cited therein. In the instant proceeding, the record demonstrates the requisites of a claim, namely, a demand by Thorp and the intention to hold the debtors liable for the scheduled debt. *See Lazar v. Sullivan (In re Sullivan),* 36 B.R. 771, 11 B.C.D. 441 (Bkrtcy.E.D.N.Y.1984); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982); *Guardian Mortg. Investors v. Sunset Villas Phase III Condominium Ass'n, Inc. (In re Guardian Mortg. Investors),* 15 B.R. 284 (Bkrtcy.M.

days after the first date set for the meeting of creditors...." In this case, however, the prior Rules allowing six months for the filing of claims were still in effect.

D.Fla.1981); *Beatrice Foods Co. v. Hart Ski Mfg. Co., Inc. (In re Hart Ski Mfg. Co., Inc.),* 5 B.R. 326 (Bkrtcy.D.Minn.1980); *Hoos & Co. v. Dynamics Corp. of America,* 570 F.2d 433 (2d Cir.1978); *Sun Basin Lumber Co., Inc. v. United States of America,* 432 F.2d 48 (9th Cir.1970). Thorp's claim was listed in the debtors' schedule A [3] as a secured (disputed) claim in the amount of $1153.95. The mere inclusion of a claim in a debtor's schedule does not meet the requirement of notice on the "judicial record." *In re Greene,* 33 B.R. 1007, 1009 (D.C.D.R.I. 1983). However, on April 16, 1981 Thorp filed an objection to confirmation of the plan and a request for a valuation hearing, for the purpose of determining the secured value of its claim. *See* Objection to Confirmation of Chapter 13 and Request for Valuation Hearing. Thorp's request for a valuation hearing established sufficiently the existence of a claim, which needed only to be classified as secured or unsecured, and in what amounts. *See In re Guardian Mortg. Investors, supra* (creditor's complaint for relief from stay is sufficient to constitute an informal proof of claim).

 Thorp's request for a hearing was granted by an order dated May 4, 1981, with a hearing scheduled for May 27, 1981. The matter was not adjudicated, because prior to the scheduled hearing date the value of the security was agreed upon by Thorp and the debtors, and an order embodying that agreement was presented to the Court and entered on June 2, 1981. Pursuant to the June 2 order it was determined that "the secured goods have a value of Three Hundred Thirty-five Dollars and 00/100 ($335.00)." The claim was listed in the debtors' schedules in the amount of $1153.95, leaving, after the secured interest of $335, an unsecured claim in the amount of $818.95. We conclude that the references in the judicial record, prior to the deadline for the filing of claims, are sufficient to constitute an informal, amendable proof of claim with respect to Thorp's secured and unsecured interest. *See In re Greene,* 33 B.R. 1007 (D.C.D.R.I.1983). *See also In re Guardian Mortg. Investors, supra; Sun Basin Lumber Co., supra.* In addition, Paragraph 8 of the Order of Confirmation provides that "the secured creditor Thorp Financial Services shall be paid the sum of $335.00 *plus 25% of the balance of the amount of its claim duly proved and allowed by the Court.*" Order Confirming Plan, dated June 10, 1981 (emphasis added). This reference in the Order Confirming Plan to the "balance of the amount of [Thorp's] claim," makes clear on the record that Thorp was an unsecured creditor in a specific amount, prior to the deadline for filing claims. *See Sun Basin Lumber Co., supra.*

Accordingly, leave is granted for Thorp to file a formal (amended) proof of claim as follows: $335.00 secured, and $818.95 as unsecured.

---

**3.** The debtors' Chapter 13 Statement at p. 4 lists the "amount claimed by creditor" as $1,153.95, and the "amount admitted by debtor" as "secured to extent of $250.00" and "unsecured to extent of $700.00."