In re Robert Miller CORBETT, Leo and Patsy Wheeler, Jimmie Earl Woods and Ruth Yvonne Woods, Thelma Chatman Eason, David Garland Lamb, Jr. and Dorothy Jean Lamb, Earl Eugene Weaver, Jessie Mae Williams, James Edward Williams and Delphine M. Williams, Debtors.

No. 83–0319–CV–W–9.

United States District Court, W.D. Missouri, W.D.

April 26, 1984.

John R. Stonitsch, Maurice B. Soltz, Ronald S. Weiss, Kansas City, Mo., for debtors.

Rita Rhodes, Kansas City, Mo., trustee.

Bruce E. Strauss, Shockley, Reid & Koger, Kansas City, Mo., for Macy's and Sears.

BARTLETT, District Judge.

## ORDER REVERSING THE DECISION OF BANKRUPTCY COURT IN PART AND REMANDING FOR FURTHER FINDINGS OF FACT

Certain debtors have appealed from a Memorandum Opinion and Order filed Feb-

---

ruary 8, 1983, 27 B.R. 442, in which the Bankruptcy Court concluded, "that an unsecured claim which is not timely filed which is filed before the case is closed, may be allowed, absent a showing of prejudice on the part of the debtor." [1] These debtors contend that the Bankruptcy Court should have applied the filing deadlines in Bankruptcy Rule 13–302(e) (1976).[2] Had the Bankruptcy Court done so, the appealing debtors argue that none of the subject claims would have been filed timely.

"In reviewing the Bankruptcy Court's findings of fact, the District Court '[sits] as an appellate tribunal, not a finder of fact.'" *Valley Nat'l. Bank v. Bush (In re Bush),* 696 F.2d 640, 643 (8th Cir.1983) citing *In re Windle,* 653 F.2d 328, 331 (8th Cir.1981). The Bankruptcy Court's findings of fact must be affirmed unless clearly erroneous. *Solari Furs v. United States,* 436 F.2d 683, 684 (8th Cir.1971); *Borg-Warner Acceptance Corp. v. Fedders Financial Corp. (In re Hammons),* 614 F.2d 399, 402–03 (8th Cir.1980). "The district court, however, must independently determine the correctness of the ultimate legal conclusion adopted by the bankruptcy judge on the basis of the facts found." *Id.* at 403.

### Facts

The factual record which led to the February 8, 1983, Order is unclear. From the briefs of the parties, it appears that there is no dispute about the following facts about the claims at issue:

### Robert Miller Corbett

Debtor filed his Chapter 7 petition on May 7, 1981. On July 10, 1981, the case was converted to a Chapter 13 proceeding. The first meeting of creditors was held on August 26, 1981. On July 30, 1982, the Farmers Home Administration, a secured creditor, filed its Proof of Claim.

### Leo and Patsy Wheeler

Debtors filed their Chapter 13 petition and plan on May 18, 1981. The first meeting of creditors was scheduled for June 26, 1981. Secured creditor, Herrera Kirby, filed a motion to allow an additional claim on August 20, 1982.

### Jimmie and Ruth Woods

Debtors filed their Chapter 13 petition and plan on October 19, 1981. The first meeting of creditors was scheduled for December 2, 1981. Unsecured creditor Sears filed a motion to allow an additional claim on September 15, 1982.

### Thelma Chatman Eason

Debtor filed her Chapter 13 petition and plan on September 30, 1980. The first meeting of creditors was scheduled for November 5, 1981. Unsecured creditor TWA filed a motion to allow an additional claim on June 18, 1982.

### David G. and Dorothy J. Lamb

Debtors filed their Chapter 13 petition and plan on October 2, 1980. The first meeting of creditors was scheduled for November 19, 1980. Unsecured creditor Sears filed a motion to allow an additional claim on June 18, 1982.

### Earl Eugene Weaver

Debtor filed his Chapter 13 petition and plan on November 3, 1980. The first meeting of creditors was scheduled for December 10, 1980. Unsecured creditor, Belsaw Institute, filed a motion to allow an additional claim on August 20, 1982.

### Jessie Mae Williams

Debtor filed her Chapter 13 petition on August 4, 1980. The first meeting of creditors was scheduled for September 10, 1980.

---

1. In the briefs filed with this Court, reference is made to secured as well as unsecured creditors. Apparently if any secured creditors were affected by the Order, the Bankruptcy Court treated them as if they were unsecured.

2. All references to Rule 13–302 are to the 1976 version.

Unsecured creditor Aldens filed a motion to allow an additional claim on June 18, 1982.

*James Edward and Delphine Williams*

The debtors filed their Chapter 13 petition and plan on July 20, 1981. The first meeting of creditors was scheduled for August 26, 1981. Unsecured creditor Macy's filed a Proof of Claim on August 18, 1982.

### Discussion

Bankruptcy Rule 13–302(e) (1976) provides as follows:

(1) *Secured Claims.* A secured claim, whether or not listed in the Chapter 13 Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter 13 case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter 13 cases....

(2) *Unsecured Claims.* Unsecured claims, whether or not listed in the Chapter 13 Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter 13 case....

Congress provided in § 405(d) of the Bankruptcy Reform Act of 1978 that the Bankruptcy Rules "in effect on September 30, 1979, shall apply to cases under title II, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded...."

In the February 8, 1983, Order, the Bankruptcy Court stated that the purpose for requiring a filing deadline under the Act was because creditors had to vote to approve or reject the Chapter 13 plan. However, under the Code "[t]he plan is to be confirmed if it meets all the statutory requirements of Section 1325 of the Code, without regard to acceptance or rejection by creditors." Therefore, the Bankruptcy Court reasoned "that the mandatory time

requirements for the filing of claims, as such requirements apply to Chapter 13 cases, are not consistent with the Code and should not be considered as controlling."

Certain creditors argue that the filing deadlines in Rule 13–302 are inconsistent with the Code because they result in denying "a creditor payment for a debt that the debtor intended to pay." Brief of Sears and Macy's, p. 4.

The debtors argue that the filing deadlines in Rule 13–302 are consistent with the provisions of the Code and are necessary for efficient administration of the Code.

Whether the claims at issue were filed timely depends on whether the filing deadlines in Rule 13–302 are "inconsistent" with the Code. To determine whether the filing deadlines in Rule 13–302 are "inconsistent" with the Code requires an analysis of what Congress meant by the word "inconsistent" as used in § 405(d).

As in all cases involving statutory construction "our starting point must be the language employed by Congress ..." and we assume "that the legislative purpose is expressed by the ordinary meaning of the words used...." Thus "[a]bsent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."

*American Tobacco Company v. Patterson,* 456 U.S. 63, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982) (citations omitted).

"Inconsistent" has been defined as "lacking in harmony between the different parts or elements; selfcontradictory." "Irreconcilable" is a synonym. L. Urdang and S. Flexner, *Random House Dictionary of the English Language,* p. 674 (revised ed. 1980). The Supreme Court has found state statutes to be inconsistent with federal statutes when the state statute " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Perez v. Campbell,* 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971) (quoting *Hines v. Davi-*

*dowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)).

Thus, in order for the filing deadlines in Rule 13–302 to be "inconsistent" with the Code, the filing deadlines must be irreconcilable with the Code. Stated another way, Rule 13–302 must obstruct the accomplishment of the full purposes of the Code.

The Bankruptcy Court correctly stated that the Code changed the manner in which Chapter 13 plans are approved. No longer is approval of a Chapter 13 plan dependent on a vote of the creditors. Therefore, a filing deadline is not needed to determine who is entitled to vote on a Chapter 13 plan. However, it does not follow that the filing deadlines in Rule 13–302 thereby are an obstacle to the accomplishment of the full purposes and objectives of Congress in adapting the Code. Just the opposite appears to be the case. Section 501 of the Code requires that claims should be "timely" filed.

> (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
>
> (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
>
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim....

Rule 13–302 was in effect when § 501 was adopted by Congress. Therefore, this Court must conclude that Congress intended for the filing deadlines in Rule 13–302 to be the definition of "timely" as used in § 501.

Events occurring after the Bankruptcy Court's February 8, 1983, Order support this conclusion. New Bankruptcy Rules were transmitted to Congress by the Chief Justice of the Supreme Court on April 25, 1983, and became effective August 1, 1983. Bankruptcy Rule 3002(c) provides a deadline for filing claims in a Chapter 13 case. *"Time for filing* In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code...." By permitting this filing deadline (which is even shorter than the filing deadlines in Rule 13–302) to become effective, Congress has indicated that a filing deadline related to the date of the first meeting of creditors is not inconsistent with the Code.

Some creditors assert that because they did not receive notice of the first meeting of creditors, they should not be foreclosed by the filing deadlines in Rule 13–302. This issue was not discussed in the February 8, 1983, Order. The issue should be considered originally by the Bankruptcy Court.

For the above-stated reasons, the Bankruptcy Court's Order of February 8, 1983, is hereby reversed. This case is remanded to the Bankruptcy Court for action consistent with this opinion.

IT IS SO ORDERED.